UNITED STATES of America, Plaintiff-Appellee,

v.

John MIRALLEGRO, Defendant-Appellant.

No. 16059.

United States Court of Appeals Seventh Circuit.

Dec. 19, 1967.

Rehearing Denied Jan. 18, 1968.

Richard H. Devine, Chicago, Ill., for defendant-appellant. Thomas J. Maloney, Chicago, Ill., of counsel.

Edward V. Hanrahan, U. S. Atty., Joseph K. Luby, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee. John Peter Lulinski and Gerald M. Werksman, Asst. U. S. Attys., of counsel.

Before SCHNACKENBERG, KNOCH and CUMMINGS, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

John Mirallegro, defendant, has appealed from a judgment of the district court, based upon a jury verdict, convicting him for the offenses of accepting wagers and (1) failure to pay a special occupational tax and (2) failure to file a "Special Tax Return and Application for Registry-Wagering", in violation of 26 U.S.C. § 7203. He was sentenced for a period of one year and fined $2500 and costs of prosecution on each of counts 1 and 2 of the indictment, the sentences to run consecutively and the fines to be cumulative.

On May 27, 1966, agents of the Internal Revenue Service, with a search warrant for the premises at 1343 59th Avenue, Cicero, Illinois entered said premises, obtained wagering paraphernalia and then arrested defendant.

Prior to trial, the discovery of wagering paraphernalia and the arrest of defendant by government agents were the subject of defendant's motion to suppress evidence. That motion was denied.

It was stipulated that defendant did not pay any special occupational tax on wagering for the taxable period ending June 30, 1966, nor file a return for said period.

It appeared that on May 18, 1966, Agent Higgs saw defendant leave his residence in Villa Park, Illinois, and agent Palma saw him receive an Illinois Sport News from a news vendor in Oak Park, Illinois. At 11:15 A.M. Higgs saw defendant's Chevrolet parked in front of 1343 59th Avenue, Cicero. At 2:35 P.M., the car was not there. At 3:15 P.M. Higgs saw it parked at the Villa Park residence. On May 19, 20, 21, 23 and 24, 1966, at about the same time of day, one or the other of said agents saw similar conduct on the part of defendant.

On May 27, 1966, United States Commissioner Pike issued a warrant authorizing the search by a United States marshal or other authorized officer of the first floor apartment at 1343 59th Avenue, Cicero, Illinois, upon the affidavit of a special agent that "he has reason to believe" that certain records and wagering paraphernalia concealed

on said property were being used in the business of accepting wagers, and he (Pike) was satisfied "that there is probable cause to believe that the property so described is being concealed on the premises above described and that the foregoing grounds for application for issuance of the search warrant exist."

On May 27, 1966, at 1:50 P.M., Agent Higgs executed the search warrant for the first floor apartment at 1343 59th Avenue, where Ralph Mirallegro, brother of defendant and Ralph's wife lived. The telephone in the brother's name was listed at that address in the telephone book. Defendant was in a bedroom, where there were telephones, sheets of charred paper on which there was pencil writing, and a bucket of partially burned papers. Agent Higgs did not see defendant receive money from anyone.

The return endorsed on the search warrant indicates that on the same date a special agent of the Internal Revenue Service left a copy thereof with defendant and that the property taken pursuant to the warrant consisted of unmarked 20 line sheets, a pail containing burned fragments of scratch sheets, marked 20 line sheets, marked baseball line sheets for May 26 and 27, four marked 20 line sheets and one unmarked 40 line sheet.

Defendant's renewed motion to suppress this evidence was denied when the government rested its case. Defendant's motion for a judgment of acquittal was then denied and that action was repeated at the close of all the evidence.

A motion of defendant for judgment notwithstanding the verdict, or in the alternative, for a new trial, was overruled.

The government now contends that the facts and circumstances in the affidavit submitted to the United States Commissioner in support of the application for a search warrant established probable cause. In support of its argument, the government cites United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), where at 109, 85 S.Ct. at 746, the court said:

"* * * Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. * * *"

However, in *Ventresca*, the Supreme Court, at 110-11, 85 S.Ct. at 747, stated:

"* * * The Court of Appeals conceded that the affidavit stated that the Investigators themselves smelled the odor of fermenting mash, but argued that the rest of their information might itself have been based upon hearsay thus raising 'the distinct possibility of hearsay-upon-hearsay.' 324 F.2d, at 869. For this reason, it held that the affidavit did not establish probable cause.

"We disagree with the conclusion of the Court of Appeals. * * * The Court of Appeals itself recognized that * * * '"Investigators [employees of the Service]" smelled the odor of fermenting mash in the vicinity of the suspected dwelling.' 324 F.2d, at 869. A qualified officer's detection of the smell of mash has often been held a very strong factor in determining that probable cause exists so as to allow issuance of a warrant. * * *"

Thus the circumstance of a splendid sense of smell by the internal revenue men in the vicinity of a suspected still was recognized by both the Court of Appeals and the Supreme Court as supporting a determination that probable cause existed for the issuance of a search warrant. But we find no such evidence in the cause before us. Moreover, in United States v. Clancy, 7 Cir., 276 F.2d 617 (1960) [1] at 628, we said:

"In determining whether probable cause exists for the issuance of a search warrant it need not be determined whether the offense charged has actually been committed; * * * Probable cause exists where the facts and circumstances within the officers'

---

1. Reversed on other grounds, 365 U.S. 312, 81 S.Ct. 645, 5 L.Ed.2d 574 (1961).

knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime is being committed. Brinegar v. United States, 1949, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879. * * * ”

■■ As stated in the government's brief, the determinative question is whether the affiant had reasonable grounds at the time of the execution of the affidavit and the issuance of the warrant for believing the law was being violated on the premises to be searched. In support of its own contention that the affiant had such reasonable grounds, the government asserts in its brief that "the records of the Chicago Police Department which had yielded reliable information in the past reflected that the defendant had been previously arrested for gambling on December 6, 1933, and on August 17, 1965 during a wireroom raid." However, we note the absence of any allegation or contention that defendant was convicted in any proceedings following the alleged arrests.

■ In United States ex rel. De Negris v. Menser, 2 Cir., 360 F.2d 199 (1966), which was a habeas corpus proceeding following the use of evidence obtained through an allegedly unlawful search warrant, the court said, at 203:

"* * * The affidavit also disclosed that the petitioner and his wife had been listed in the police records as having been 'charged' with pool selling in 1960. There is no mention of the disposition of the charge and, as the record stands, it cannot be taken as even hearsay evidence that petitioner actually engaged in gambling activities in 1960. At best, it only implies that the police suspected them of gambling activity at that time.

* * * * * *

"The other difficulty with the affidavit and the magistrate's finding concerning probable cause is the assumption that the essential prerequisite to the issuance of a search warrant is that the *police officers* must be satisfied that there is probable cause, when the clear mandatory constitutional requirement is that the search must be based upon the magistrate's determination of probable cause and not on that of the police officers.

"' * * * The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion * * *' Giordenello v. United States, 357 U.S. 480 at 486, 78 S.Ct. 1245 at 1250, 2 L.Ed. 2d 1503. * * * ”

To the same effect are United States v. Whitlow, 7 Cir., 339 F.2d 975 (1964), and United States v. Pearce, 7 Cir., 275 F.2d 318 (1960).

We conclude that there is not a factual basis in the record for a finding of probable cause that wagers were being accepted or received in the described premises and that therefore the judgment of the district court should be and is now reversed.

Judgment reversed and remanded.

KNOCH, Senior Circuit Judge (dissenting).

I would affirm the judgment of the District Court. Admittedly the affidavit, as the District Judge pointed out, "could be much stronger," but it does show that a known suspect who was under surveillance followed a set pattern of conduct. He spent set periods of time daily at an apartment where no legitimate business was known to be conducted, regularly picking up a "scratch sheet" on his way in. The telephone, listed in the name of his brother Ralph, was answered "Ricky" which was not the name of the defendant or his brother. To the affiant who was experienced in the ways of wagering operations, this pattern was significant, and he said so in his affidavit. The Commissioner was justified in issuing a search warrant.