UNITED STATES of America,
Plaintiff-Appellee,

v.

William Roger PASCENTE and Frank J.
Furio, Defendants-Appellants.

No. 16126.

United States Court of Appeals
Seventh Circuit.

Dec. 26, 1967.

Rehearing Denied Jan. 24, 1968, en banc.

Edward J. Calihan, Chicago, Ill., for appellants.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., John Peter Lulinski, Gerald M. Werksman, Charles A. Boyle, Asst. U. S. Attys., of counsel, for appellee.

Before KNOCH, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

KNOCH, Senior Circuit Judge.

The defendants, William Roger Pascente and Frank J. Furio, were charged in Count I of a two-count indictment with possession of goods stolen from an interstate freight shipment in violation of Title 18, U.S.C. § 659. Count II charged the defendant William Roger Pascente with theft of the same goods. Jury trial was waived. All facts were stipulated. The defendants were convicted. The Court placed William Roger Pascente on probation for five years on each count, to run concurrently, and committed Frank J. Furio to serve 18 months on Count I.

The defendants charge error in denial of their motion to quash the search warrant issued here and to suppress the evidence secured through its execution. They contend that the affidavit submitted was insufficient in law to establish probable cause for issuance of the search warrant, stating insufficient facts, being based only on the belief of the affiant and unsupported hearsay, and failing to men-

tion articles which were subsequently seized from one of the petitioners. No other error is charged.

The affidavit in question consists of a printed form filled in and completed in what is obviously a hasty, handwritten scrawl, replete with abbreviations (some of them rather unconventional) and composed in a highly cryptic style, as follows:

"The undersigned being duly sworn deposes and says: That he has reason to believe that on the premises known as second floor of a two-family residence at 1913 West Ohio Street, Chicago, in the No District of Ill. there is now being concealed certain property, namely several cartons of merchandise which constituted interstate commerce and were stolen therefrom. And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:

This information was furnished affiant by Spec Agt Anthony Genakos of F.B.I. that Paul Picquet Terminal Mgr of Mason-Dixon Lines, Chicago, carrier of freight that he received an anonymous call who stated he was a neighbor, that he observed at 11:30 P.M., Feb. 11, 1965, 2 men unloading truck of said into said residence. Marianne Costello living downstairs her steps up and down stairs at 11:30 P.M. Said terminal stated he found 5 interstate shipments missing from one of their trucks after the time stated."

Careful study of this document, however, discloses certain facts. Sometime prior to execution of the warrant on Friday, February 12, 1965, shortly before 5:00 p. m., the Terminal Manager, Paul Picquet, of the Mason-Dixon Line, furnished information to Special Agent Anthony Genakos of the F.B.I., who in turn passed it on to the affiant, that he had found five "interstate shipments" missing from one of his trucks. The Terminal Manager had also reported receipt of an anonymous telephone call from an alleged neighbor of 1913 W. Ohio Street, Chicago, the address of the premises later searched, concerning his observation at 11:30 p. m., (an unusual time for delivery of commercial merchandise to a residence) on February 11, 1965, of the activities of two men who were unloading a Mason-Dixon truck and carrying the contents into the house at that address. Special Agent Genakos had also told the affiant that one Marianne Costello, who lived on the first floor of the two-apartment building searched, reported hearing footsteps going up and down the stairs at 11:30 p. m. that night.

To be sure, this was hearsay, but it was hearsay from three different sources, two of which were identified, all of which were mutually corroborative in part and worthy of credit. Jones v. United States, 362 U.S. 257, 272, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). A reasonably prudent person would be justified in believing an offense was being committed. Evans v. United States, 6 Cir., 1957, 242 F.2d 534, 536, cert. den. 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d 1137.

The Commissioner was entitled to exercise his own common sense and to draw reasonable inferences from the wording of the affidavit in the light of his extensive experience. Irby v. United States, 1963, 114 U.S.App.D.C. 246, 314 F.2d 251, 253, cert. den. 374 U.S. 842, 83 S.Ct. 1900, 10 L.Ed.2d 1064; United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

We see no abuse of discretion in the Commissioner's decision that there was probable cause for issuance of the warrant. Nor can we agree that the word "merchandise" in the light of the circumstances here was unduly vague.

The judgment of the District Court is affirmed.

Affirmed.

CUMMINGS, Circuit Judge (with whom FAIRCHILD, Circuit Judge, joins), concurring.

The affidavit upon which the search warrant issued was concededly prepared by the United States commissioner although signed by an FBI agent. Rule 41

(c) of the Federal Rules of Criminal Procedure provides in part as follows:

"A warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for issuing the warrant. If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched."

This Rule of course contemplates that the supporting affidavit be prepared by the affiant and not by the commissioner. The commissioner is not meant to play the dual roles of magistrate and investigator. Cf. In re Murchison, 349 U.S. 133, 137, 75 S.Ct. 623, 99 L.Ed. 942. No prejudice to defendant has been shown, so that reversal is unwarranted. Nevertheless, the practice of having the commissioner prepare any such affidavits should be disapproved in order that it will not recur in any Districts of this Circuit.