**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James DAVIS, Defendant-Appellant.**

**No. 16702.**

United States Court of Appeals
Seventh Circuit.

Sept. 18, 1968.

Rehearing Denied Oct. 29, 1968.

---

Robert S. Bailey, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Gerald S. Werksman, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before CASTLE, Chief Judge, and SCHNACKENBERG * and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant-appellant, James Davis, was charged in a one-count indictment, "did receive, conceal and unlawfully have in his possession, knowing the same to have been stolen, having been taken and abstracted from an authorized depository for mail matter, to wit, a United States Railway Mail Car, certain parcels that bore United States postage and were then and there in the course of conveyance by mail, which parcels were addressed to: * * * in violation of Title 18, United States Code, Section 1708." A trial was had by the court without jury, jury being waived in open court, and defendant was found guilty. From such judgment defendant appeals.

The most important issue before us is whether the search warrant, whose execution led to the discovery of the stolen parcels, was issued upon an affidavit sufficient to establish probable cause.

Maurice J. O'Keefe, a Chicago police officer, appeared before the Honorable Joseph P. Hermes of the Circuit Court of Cook County, seeking a search warrant. Det. O'Keefe stated in the affidavit as his probable cause, the following:

Det. Maurice J. O'Keefe complainant now appears before the undersigned judge of the Circuit Court of Cook County and requests the issuance of a search warrant to search the person of Jimmy Davis and the third floor front apartment located 7129 South Parnell, Chicago, Ill., and seize the following instruments, articles and things: One RCA color television gray in color bearing serial number 3830, model number FH 528, which have been used in the commission of, or which constitute evidence of the offense of Theft (receiving stolen property).

Complainant says that he has probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the (person and) premises set forth above: This complainant received information from a person previously used and proved to be reliable, that the property stated above, which are the proceeds of a burglary as recorded under PD# F 066570 was bought by the above stated person and being concealed in his apartment located on the third floor front apart-

---

* JUDGE SCHNACKENBERG participated in the hearing of oral argument and a conference of the division judges above

named. He died prior to the issuance of this opinion but had submitted the dissent printed herewith.

ment, located at 7129 South Parnell, Chicago, Ill.

/S/ Maurice J. O'Keefe
Complainant

The Chicago police officers executed the search warrant in the home of defendant Davis. No television set was found, but during the search, the officers did observe six wrapped and postage-bearing parcels next to defendant's bed, which parcels they seized. They then placed defendant Davis under arrest for possession of materials stolen from the mail. Davis was warned of his constitutional rights and subsequently made admissions concerning the parcels. The United States Postal Inspectors were informed and while at the police station, the inspectors also advised Davis of his rights before taking a statement from him.

A motion to suppress the evidence so obtained was filed on behalf of defendant Davis and the court overruled such motion. The defendant contends that the search warrant was invalid because of the insufficiency of the affidavit since it contained no statement that the informant's hearsay was based upon personal knowledge. There is no statement by the complainant in what manner his informant received the information transmitted, whether by personal observation or through some other individual. The government's brief states:

Reading the complaint in the light of the above legal criteria, we may assume that the judge had before him the following facts: (1) personal knowledge of the affiant that the television set was stolen [how else could he set forth such a detailed description of the stolen television set and the police number accorded the burglary?]; (2) personal knowledge of the affiant that the informant had given reliable information in the past; (3) knowledge of the informant that the set was stolen; (4) knowledge of the informant that the stolen set had been bought by the defendant; and (5) knowledge of the informant that the stolen set was being concealed in the apartment of the defendant; (6)

knowledge of the informant of the exact address and location of the apartment belonging to the defendant.

The complainant admittedly had personal knowledge that the television set was stolen, which information was obtained from the records of the Chicago Police Department setting forth a detailed description of a stolen television set. All of the other facts presumed to be before the judge must presumably have been information obtained by the complainant from the informant. These facts are highly important and the source of such information is essential to sustain a proper search warrant. This court cannot assume that the issuing judge had such information before him. Under the Fourth Amendment to the Constitution and the Federal Rules of Criminal Procedure, an affidavit for a search warrant must recite facts and may not be based entirely upon information and belief. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); United States v. Mirallegro, 387 F.2d 895 (7th Cir. 1967); United States v. Pascente, 387 F.2d 923 (7th Cir. 1967); United States v. Pearce, 275 F.2d 318 (7th Cir. 1960).

In the affidavit in *Pascente*, unlike the instant case the informant stated how he knew the location of the stolen goods. Supra at 924. This fact provided a reason for believing the informant which is not available in Det. O'Keefe's affidavit. Unlike the situation in *Pascente*, there was no mutual corroboration here. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960).

In United States ex rel. Rogers v. Warden of Attica State Prison, 381 F.2d 209 (2d Cir. 1967), the court compared the affidavit for a search warrant approved in Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964) with that before it and observed, at 218 of 381 F.2d:

But, the several specific and factual statements contained in the *Rugendorf*

affidavit contrast sharply with the unsubstantiated and conclusory statement in Gowski's affidavit that an informer told him "that Jimmy Rogers and other persons * * * are selling narcotics." It should be noted particularly, that while one of the informers in *Rugendorf* had actually seen the stolen furs in the defendant's home, there is not a hint in the present affidavit that the informant had seen any trafficking in narcotics taking place in Rogers' apartment. It is difficult for us to understand, therefore, the basis for the inference drawn by the Appellate Division and the New York Court of Appeals that the informant spoke of what he had seen, for the "deficiencies [in the affidavit] could not be cured by the * * * reliance upon a presumption that the complaint was made on the personal knowledge of the [informant]." Giordenello v. United States, 357 U.S. at 486, 78 S.Ct. at 1250.

The Second Circuit noted that Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) sanctions the use of affidavits based on the hearsay of an informer but that "the magistrate must be informed of some of the underlying circumstances from which the informant concluded" the contraband was where he claimed it was. Id. at 114, 84 S.Ct. at 1514. Applying the *Aguilar* test to its case, the court held, 381 F.2d at 217:

> * * * Gowski's affidavit suffered from the same fatal flaw that was present in *Aguilar*—it did not contain a statement that the informant spoke from personal knowledge when he reported that Rogers was selling drugs in his apartment, nor was any information presented from which the magistrate might properly have inferred that this was so. In fact, the affidavit is totally devoid of any of the underlying circumstances upon which the informant's belief was grounded. Even in cases involving nonhearsay affidavits, the affiant's "mere affirmance of belief or suspicion is not

enough" to create probable cause. United States v. Nathanson, 290 U.S. 41, 47, 64 S.Ct. 11 [78 L.Ed. 159] (1933). A *fortiori*, it is not sufficient for the affiant merely to state that his informant has "a belief" or a "suspicion," without informing the magistrate of some of the underlying circumstances that support that belief. See Jones v. United States, 362 U.S. [257] at 269, 80 S.Ct. 725, 4 L.Ed.2d 697. Were the law otherwise, the rule established in *Nathanson*, that mere suspicion or belief by the affiant is not sufficient, could be easily circumvented by having the suspicion communicated to another who would then submit an affidavit stating that a reliable informant believes that narcotics will be found if a search is conducted. Therefore, Gowski's mere statement, without more, that an informer had reported that drugs were being sold in Rogers' apartment, could not by itself have created probable cause for the issuance of a search warrant.

So too, here, Det. O'Keefe's affidvait is faulty in that it fails to show the "underlying circumstances" by which his informer came by the knowledge which he claimed to have.

■ In our judgment the affidavit for the search warrant was insufficient to justify its issuance and the search and seizure made pursuant thereto was unlawful and in violation of the constitutional rights of the defendant. It follows that the evidence obtained as a result of such search should have been suppressed. Thus any evidence flowing from the search would have been excluded from the trial under the "fruit of the poison tree doctrine" expressed in Silverthorne Lumber Co., Inc. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426 (1920).

The judgment of conviction is reversed.

Reversed.

SCHNACKENBERG, Circuit Judge (dissenting).

I would affirm the judgment of the district court. In my opinion the decision

of the majority is not supported by the facts of this case.

Defendant's conviction was for the possession of mail matter which had been stolen, taken and abstracted from the United States mail. The conviction resulted from a search of defendant's apartment for a stolen television set, pursuant to a search warrant issued by Judge Hermes, an Illinois state court judge. The facts alleged in the complaint sworn to by police officer O'Keefe, on which the warrant issued were:

> "This complainant received information from a person previously used and proved to be reliable, that the property stated above, which are the proceeds of a burglary as recorded under PD# F 066570 was bought by the above stated person and being concealed in his apartment located on the third floor front apartment, located at 7129 South Parnell, Chicago, Ill."

Execution of the warrant did reveal the stolen mail although the television set was not found.

Defendant is not entitled to relief here because he was convicted for possession of stolen mail and not for possession of a stolen television set. In Harris v. United States, 331 U.S. 145, 155, 67 S.Ct. 1098, 1103, 91 L.Ed. 1399 (1947), the Supreme Court, affirming defendant's conviction, stated:

> "If entry upon the premises be authorized and the search which follows be valid, there is nothing in the Fourth Amendment which inhibits the seizure by law-enforcement agents of government property the possession of which is a crime, even though the officers are not aware that such property is on the premises when the search is initiated."

While in that case, federal officers entered defendant's apartment upon two *arrest* warrants charging crimes of fraud, defendant's conviction was for the unlawful possession of certain Selective Service Notice of Classification Cards and Registration Certificates, found in the apartment. See also Seymour v. United States, 10 Cir., 369 F.2d 825 (1966), where in searching for marihuana, police officers discovered postal money orders, money order limitation stamps and a post office dating stamp, which led to defendant's conviction for illegal possession of government property. Therefore, if, as in *Harris,* supra, execution of a warrant,[1] issued upon probable cause, reveals possession of stolen mail matter, defendant's conviction should be affirmed without reference to the purpose of the search in the case at bar, which was to seize a stolen television set. In short, failure of the search for its original purpose is not relevant to the question raised by a motion to suppress the evidence of the crime found. In my opinion the facts contained in officer O'Keefe's affidavit hereinbefore set out were sufficient by standards established by the Supreme Court to constitute probable cause.

Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), relied on by the majority, clearly is distinguished because there *no facts* were provided by the affiant to support his "conclusion" or to permit the magistrate to perform his neutral and detached function. In the case at bar facts were set forth and corroborated. Further, nothing in *Aguilar* requires that the defendant be apprised of the source of the information used to obtain evidence of his criminal conduct. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964). In those cases, the court stated the conditions which require the government to disclose the identity of its informant. Those conditions do not exist in this case and defendant does not contend that they do.

By its present decision this court is now for the first time committing itself to the proposition that the police must reveal the source of their information in order to sustain a warrant to search be-

---

1. There, an *arrest* warrant.

cause "such information is essential to sustain a proper search warrant." The decisions cited in support of the majority's decision are clearly inapposite. As the Supreme Court stated in United States v. Ventresca, (1965) 380 U.S. 102 at 108–109, 85 S.Ct. 741 at 746, 13 L.Ed. 2d 684:

> "If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. * * * Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area.
>
> \* \* \* \* \* \*
>
> * * * when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."

I am not persuaded that the failure to find the television set now vitiates defendant's conviction for possession of stolen mail matter. In my judgment, no legitimate purpose is served by reversing convictions based upon constitutional abstractions or elaborate specificities which have no proper place in this area. See Ventresca, 380 U.S. 108, 85 S.Ct. 741. Cf. United States ex rel. Pugh v. Pate, Warden of the Illinois Penitentiary, 7 Cir., 401 F.2d 6, July 1, 1968, where we gave effect to the fourth amendment by requiring that someone take the responsibility for the facts alleged, giving rise to the probable cause for the issuance of a warrant, and that defendant be apprised of the name of that person. Those requirements were met in the case at bar.

For these reasons, I would affirm the judgment of conviction.