**UNITED STATES of America, Plaintiff-Appellant,**

v.

**James HIGGINS, Defendant-Appellee.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James HIGGINS, Defendant-Appellant.**

**Nos. 17673, 17678.**

United States Court of Appeals, Seventh Circuit.

July 1, 1970.

R. Eugene Pincham, Gerald M. Werksman, Chicago, Ill., for Higgins.

Thomas A. Foran, U. S. Atty., Samuel K. Skinner, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel, for the United States.

Before MAJOR, Senior Circuit Judge, KERNER, Circuit Judge, and ESCHBACH, District Judge.*

MAJOR, Senior Circuit Judge.

Defendant was indicted on June 21, 1966, charged with violating Title 21 U.S.C.A. Sec. 174, to which charge he entered a plea of not guilty, on June 29, 1966.

On August 30, 1966, defendant filed a motion to quash the affidavit for search warrant, the search warrant, and to suppress evidence. A hearing was had on this motion, which was denied on June 21, 1967. On February 6, 1969, defendant filed a motion for a reconsideration of his motion to quash and to suppress evidence on the basis of two decisions rendered subsequent to the denial of his first motion. United States v. Davis, 402 F.2d 171 (CA–7), and Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584, 21 L.Ed.2d 637. Again after a hearing, the court vacated its order of June 21, 1967, and allowed defendant's motion to quash the search warrant and to suppress evidence. From this order the government appeals under 18 U.S.C. Sec. 3731 (No. 17673).

Subsequently, defendant filed a cross-appeal (No. 17678) from an order denying his motion to dismiss the indictment because of an unreasonable delay on the part of the government in bringing his case to trial, in violation of his constitutional right. It is admitted on brief, as it was in oral argument, that we need not reach the issue raised on this cross-appeal if we affirm the district court's order allowing defendant's motion to quash and suppress. Inasmuch as we conclude that that the order appealed from by the government must be affirmed, we think there is no occasion to state the proceedings which took place during a period of almost three years, relied upon by defendant in support of his cross-appeal.

On February 16, 1966, an agent of the Bureau of Narcotics appeared before a United States Commissioner and requested a search warrant for the basement of the apartment building at 4432–38 South Calumet Avenue, Chicago, Illinois. Based on information received from the agent, the Commissioner prepared an affidavit which was signed by the agent, and the search warrant issued. The warrant stated that there was probable cause to believe that heroin was being concealed in the basement of the apartment building involved. The affidavit stated:

"Information from an informant who on prior occasions has furnished information which has proven reliable that James Higgins from time to time did meet customers at a distance from the above-described premises, accept money for heroin and go to the basement apartment, come out later and make delivery. Affiant states that in his surveillance of said premises, he has observed such deliveries made in

---

* Judge Jesse E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

the form of packages or envelopes, last of such occasions being February 15, 1966."

In the light of the decision of the Supreme Court in Spinelli v. United States, *supra*, and that of this court in United States v. Davis, *supra*, we think the district court properly allowed the motion to suppress. True, as the government suggests, there is some difference in the factual situation here but, even so, the reasoning of those cases is controlling. For the sake of brevity, we quote from the headnote in *Spinelli* (page 410, 89 S.Ct. 584):

"The tip was inadequate under the standards of Aguilar, supra, since it did not set forth any reason to support the conclusion that the informant was 'reliable' and did not sufficiently state the underlying circumstances from which the informant had concluded that petitioner was running a bookmaking operation or sufficiently detail his activities to enable the Commissioner to knew that he was relying on more than casual rumor or general reputation."

Pertinent to the instant situation this court in *Davis* stated (402 F.2d page 173):

"The complainant admittedly had personal knowledge that the television set was stolen, which information was obtained from the records of the Chicago Police Department setting forth a detailed description of a stolen television set. All of the other facts presumed to be before the judge must presumably have been information obtained by the complainant from the informant. These facts are highly important and the source of such information is essential to sustain a proper search warrant."

In Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697, relied upon by the government, the court stated:

"This affidavit was, it is claimed, insufficient to establish probable cause because it did not set forth the affiant's personal observations regarding the presence of narcotics in the apartment, but rested wholly on hearsay. We held in Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L. Ed. 159, that an affidavit does not establish probable cause which merely states the affiant's belief that there is cause to search, without stating facts upon which that belief is based. *A fortiori* this is true of an affidavit which states only the belief of one not the affiant."

Assuming, contrary to what we think, that the affidavit otherwise sufficiently disclosed probable cause, it was still fatally defective for failure to describe with particularity the place to be searched. The Fourth Amendment provides," * * * and no Warrants shall issue, but upon probable cause, * * * and particularly describing the place to be searched * * *." Thus, probable cause and the particular description of the place to be searched are essential requirements of equal importance.

The building described in the warrant was a three-story building with four apartments on each floor and, in addition, three in the basement. One of these basement apartments was occupied by the Barfield family, another by Morris Jones and the third by defendant Higgins. On the evening of February 17, 1966, Barfield was sleeping when a man entered his apartment, looked all around, asked Barfield if he knew a man named "Sonny," and left. Shortly thereafter, Jones was in bed when two men who identified themselves as police officers kicked open his partially closed door, entered his apartment and left in about five minutes. A few minutes later the agents kicked in the door to Higgins' apartment, conducted a search and arrested him.

The instant search warrant commanded the search of "the premises known as basement apartment building at 4432–38 South Calumet Avenue, Chicago, Illinois." It must be evident that the officers could not determine from the warrant which apartment was to be

searched and that they made that determination by searching all apartments until they discovered the one they were looking for.

In United States v. Hinton, 7 Cir., 219 F.2d 324, page 325, on facts closely analogous to those of the instant case, the court stated:

"The showing of probable cause and the particularity of the description of the place to be searched are usually treated separately, but in view of the problems presented by this appeal they must be considered together, for the scope of the warrant to search is dependent upon the extent of the showing of probable cause. The command to search can never include more than is covered by the showing of probable cause to search."

This court in holding the search warrant invalid, in *Hinton* stated (page 325):

"For purposes of satisfying the Fourth Amendment, searching two or more apartments in the same building is no different than searching two or more completely separate houses. Probable cause must be shown for searching each house or, in this case, each apartment. If such cause is shown there is no reason for requiring a separate warrant for each resident. A single warrant may cover several different places or residences in a single building. But probable cause must be shown for searching each residence unless it be shown that, although appearing to be a building of several apartments, the entire building is actually being used as a single unit.

"Federal courts have consistently held that the Fourth Amendment's requirement that a specific 'place' be described when applied to dwellings refers to a single living unit (the residence of one person or family). Thus, a warrant which describes an entire building when cause is shown for searching only one apartment is void. [Citing cases.]"

We hold that the affidavit for search warrant and the warrant issued pursuant thereto did not meet the requirements of the Fourth Amendment to the Constitution and were fatally defective. Therefore, the order appealed from in No. 17673 is affirmed. Defendant's cross-appeal in No. 17678, for reasons previously stated, is dismissed.