**William Edward STRICKLAND, et al., Plaintiffs,**

v.

**A.P. PROPANE, INC., etc., et al., Defendants.**

No. 89–141–Civ–J–16.

United States District Court,
M.D. Florida,
Jacksonville Division.

Sept. 18, 1989.

Daniel I. McCranie, Fernandina Beach, Fla., S. Perry Penland, Jr., Jacksonville, Fla., for plaintiffs.

Thomas R. Ray, Jacksonville, Fla., for defendants and third-party plaintiffs.

Robert A. Cole, Jacksonville, Fla., for third-party defendant.

## ORDER

JOHN H. MOORE, II, District Judge.

The above cause is before the Court *sua sponte.* Being considered is whether this Court has subject matter jurisdiction over this action in light of the recent changes of law made by Congress in the "Judicial Improvements and Access to Justice Act." A trial court has the responsibility to notice on its own motion whether subject matter jurisdiction exists. *Skidmore v. Syntex Labs, Inc.,* 529 F.2d 1244, 1248 n. 3 (5th Cir.1976); *Canadian St. Regis Band of Mohawk Indians v. N.Y.,* 573 F.Supp. 1530 (N.D.N.Y.1983); *See* Wright and Miller, 5 Federal Practice and Procedure: Civil § 1350 at 545 (1969 ed.)

The case *sub judice* came to this Court on a petition for removal from state court, filed on February 17, 1989. The asserted basis of jurisdiction is diversity of citizenship, the plaintiffs citizens of Florida, and

the defendants citizens of other states. The original complaint was filed in this case approximately two years ago, and the defendants were served with process on or about September 25, 1987. Before the defendants had a reasonable chance to ascertain whether the case was removable by virtue of the jurisdictional amount,[1] the plaintiffs filed an Amended and then Second Amended complaint including as an additional defendant Charles Bannie Hyatt, a citizen of Florida, thereby destroying diversity.[2] However, at the pretrial conference on February 6, 1989, the plaintiffs took a voluntary dismissal of Mr. Hyatt without prejudice pursuant to Fla.R.Civ.P. 1.420(a)(1)(i). As a result of that dismissal, complete diversity existed and the defendants promptly removed the action to this Court pursuant to 28 U.S.C. § 1441.

■ On November 19, 1988, the President signed into law the "Judicial Improvements and Access to Justice Act," P.L. 100–702, 102 Stat. 4642–4673 (1988) (the Act). Among other things, the Act included provisions altering the removal jurisdiction of federal courts. *See* Title X, Sec. 1016, 102 Stat. at 4669–4670. Although the Act specifies effective dates for several of its Titles and sections, Section 1016 has no effective date clause. Thus, the first issue to be confronted is whether Section 1016 took effect on November 19, 1988, or some other date. Several courts have held, and this Court agrees, that since there is no provision detailing when Section 1016 is to take effect, the effective date should be the day it was signed into law. *Greer v. Skilcraft*, 704 F.Supp. 1570 (N.D.Ala.1989) (en banc); *Coman v. International Playtex, Inc.*, 713 F.Supp. 1324 (N.D.Cal.1989); *Cf. Campbell v. Dominick & Dominick, Inc.*, 872 F.2d 358 (11th Cir.1989) (holding that Sec. 1019 of the Act, which also has no effective date clause, took effect on November 19, 1988).

■ The next issue the Court must concern itself with is whether the Act should be retroactively applied to cases that were pending in state court at the time of its promulgation. Again, courts that have considered this issue have ruled in the affirmative. In *Greer*, the Court, after examining the relevant case law and legislative history of the Act, ruled that because Section 1016 constituted procedural legislation it should be applied to cases pending in state court at the time of its enactment, absent prejudice of the type contemplated in *Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967). No such prejudice can be claimed in this case. The defendants in this case can make no claim that Section 1016 will expand their liability, eliminate a defense or vested right, or in any way impair a substantive right. *See Coman*, at 1328. As the Court noted in *Greer*, removal of diversity cases to federal court is basically a matter of procedure subject to Congressional enactments, and thus does not affect substantive rights. *Cf. Ex parte Collett*, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949) (no vested right in any given mode of procedure); *Hallowell v. Commons*, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409 (1916) (jurisdictional shift from federal court to an administrative tribunal applied retroactively.) Therefore, Section 1016 will be applied to this case.

Section 1016 of the Act amended 28 U.S.C. § 1446 in several significant ways. Relevant to this case is an amendment to subsection (b), paragraph 2. Section 1016 reads in pertinent part as follows:

> (B) in the second paragraph by striking out the period at the end thereof and inserting in lieu thereof ", except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

---

1. The jurisdictional amount in Florida circuit court is $5,000, and Count I of the complaint filed in state court recited "[t]his is an action for damages in excess of $5,000.00, exclusive of interest and costs."

2. There has been no allegation that *Charles Bannie Hyatt* was fraudulently added as a defendant in order to defeat diversity.

Because of this amendment the second paragraph of § 1446(b) now provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The present case falls within this newly created exception to removal jurisdiction based on diversity. By the time the plaintiffs dismissed Mr. Hyatt as a defendant this case was about one and one-half years old.[3] Since this case falls within the exception to the general rule of removability, this case must be remanded to state court because this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Additionally, remand of this action will serve the purposes of the amendment as evidenced by the legislative history, reported in 7 U.S.Code Cong. & Admin.News 1988 pp. 5982, 6032–6033. The relevant portion of that history reads as follows:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defen-

dant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

This description of the problem Congress recognized, and attempted to remedy with the amendment, fits the pattern of this case exactly. In the instant case the parties had conducted extensive discovery and the court had entered an order setting the case for a jury trial on February 20, 1989. The parties had entered into and filed their pretrial stipulation. The plaintiffs did not dismiss Mr. Hyatt until the pretrial conference on February 6, 1989, practically on the eve of trial. Remanding this case, therefore, works to effectuate the intent of Congress in amending § 1446(b).

In conclusion, the amendment to 28 U.S.C. § 1446(b) became effective on November 19, 1988. That amendment, which created an exception to the general rule of removability in cases where the basis of jurisdiction is diversity, is retroactive and applies to cases pending in state court at the time of enactment. Finally, remanding this case is consistent with Congressional concerns evidenced by the legislative history. Therefore, this case shall be remanded to the state court pursuant to 28 U.S.C. § 1447(c), because the Court lacks subject matter jurisdiction over the controversy.

Accordingly, it is now

ORDERED AND ADJUDGED:

That this case is hereby REMANDED to the Circuit Court, Fourth Judicial Circuit, in and for Nassau County, Florida.

DONE AND ORDERED.

---

**3.** Because this case was over one year old when removed, whether measured by the date the complaint was filed or the date of service, it is not necessary for the Court to reach the issue of when an action is deemed to have been "commenced" under Florida law.