### Charles L. MOLDEN et al.

v.

### The FIRESTONE TIRE & RUBBER COMPANY, et al.

### Civ. A. No. 88–782–A.

United States District Court, M.D. Louisiana.

Nov. 20, 1990.

Steven M. Marks, Jay A. Parker, Baton Rouge, La., for plaintiffs.

William J. Hamlin, New Orleans, La., for Firestone Tire & Rubber Co.

Thomas F. Wade, Baton Rouge, La., for Firestone Store of Plaquemine, Inc.

James J. Durio, Metairie, La., for Firestone of Denham Springs, Inc.

## RULING ON MOTION TO REMAND

### JOHN V. PARKER, Chief Judge.

This matter was originally before the court to consider the Firestone Tire & Rubber Company's objections to Magistrate Noland's Report recommending remand of this action to state court. However, at the hearing on September 21, 1990, this court noticed sua sponte that there is a problem with service and citation on defendant, Firestone Store of Plaquemine. Accordingly, the court directed the parties to address whether plaintiff, by failing to serve the Firestone Store of Plaquemine at the time of removal, and for a total of nearly three years from the institution of suit, had abandoned their claim against the Firestone Store of Plaquemine.[1]

On or about May 28, 1986, Charles J. Molden was allegedly injured when a "tire and rim assembly he was airing up allegedly separated, striking and injuring" him.

On May 27, 1987, plaintiff filed a state court suit against: 1) The Firestone Tire & Rubber Company, a New York corporation with its principal place of business in Ohio, and 2) The Firestone Store of Plaquemine, a Louisiana corporation. In the suit, plaintiff alleged that the tire was defective and therefore the manufacturer and seller were responsible for his damages.[2]

Although plaintiff filed suit on May 27, 1987, the plaintiff did not serve the Firestone Tire & Rubber Company until February, 1988. Seven months after it was served, but before the Firestone Store of Plaquemine was served, defendant Firestone Tire & Rubber Co. filed its Petition of Removal in this court.

Thereafter, plaintiff and defendant, Firestone Tire & Rubber Co., engaged in nearly 16 months of discovery. However, on February 21, 1990, this court, sua sponte, questioned whether it had subject matter jurisdiction over the suit and directed Magistrate Noland to submit a report to this court addressing the issue.[3] On April 23, 1990, nearly three years after suit was filed, and more than two months after this court questioned jurisdiction, the Firestone Store of Plaquemine was served by plaintiffs.

On September 21, 1990, after receiving and considering the magistrate's report, this court gave the parties 10 days to address whether at the time of removal, plaintiff had abandoned its claim against the Firestone Store of Plaquemine by failing to serve it. Although the Firestone Tire & Rubber Company complied with this order and submitted a brief, plaintiffs, as of this date, have not filed their brief.

## VOLUNTARY ABANDONMENT

■ "It is only where plaintiff by his voluntary act definitely and clearly indicates his intention to abandon or discontin-

---

1. As will be discussed infra this point is important because if plaintiff had abandoned their claim against the Firestone Store of Plaquemine at the time the Firestone Tire & Rubber Company filed its Petition of Removal, then this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2. Dometris Banks, Keoshia Jackson, Charles Molden, Jr. and Caesare Molden, the alleged lawful children of plaintiff, joined in the suit seeking their own damages based on their father's alleged injuries.

3. Because the Firestone Store of Plaquemine, a Louisiana Corporation, was named in the state court petition, this court questioned whether full diversity of citizenship existed between all plaintiffs and all defendants, a requirement for subject matter jurisdiction.

ue the action as to the nondiverse defendants—where he has clearly indicated that he no longer desires to dictate the forum—that the case becomes removable." *Aydell v. Sterns,* 677 F.Supp. 877, 881 (M.D.La. 1988) *citing Powers v. Chesapeake & O. Ry. Co.,* 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). Moreover, "the technicality of how plaintiff's expression is expressed is of no moment—it is the expression of the intent by plaintiff which makes the case removable." *Id.* quoting *Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593, 599 (M.D.La.1983).

In the case at bar, plaintiff did not serve or pursue a claim against the Firestone Store of Plaquemine for the entire time that the suit was pending in state court. Furthermore, while defendant Firestone Tire & Rubber Co. removed the suit to this court on September 12, 1988, plaintiff did not serve the Firestone Store of Plaquemine until April 23, 1990; two months after this court questioned whether it had subject matter jurisdiction due to the possible presence of the Firestone Store of Plaquemine, a Louisiana corporation.

It is this court's opinion that had the court not questioned jurisdiction, the Firestone Store of Plaquemine would not be served even today. Accordingly, this court concludes that at the time of removal, plaintiff had "voluntarily abandoned" its claim against the Firestone Store of Plaquemine and therefore, if this case was properly removed, there is subject matter jurisdiction.

1 YEAR REMOVAL PROVISION

On October 22, 1990, this court directed the parties to address the issue of whether the one year provision in 28 U.S.C. § 1446(b) is jurisdictional.

28 U.S.C. 1446(b) provides in pertinent part that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, **EXCEPT THAT A CASE MAY NOT BE REMOVED ON THE BASIS OF JURISDICTION CONFERRED BY SECTION 1332 OF THIS TITLE MORE THAN ONE YEAR AFTER COMMENCEMENT OF THE ACTION. 28 U.S.C. § 1446(b).**

While the 30 day removal provision contained in § 1446(b) is not jurisdictional and can be waived where the plaintiff fails to object to removal, the one year provision in 28 U.S.C. § 1446(b) is jurisdictional and must be noticed by the court sua sponte. See *Smith v. MBL Life Assurance Corporation,* 727 F.Supp. 601 (N.D. Ala.1989); *Strickland v. A.P. Propane, Inc.,* 721 F.Supp. 284 (M.D.Fla.1989). However, while the one year provision in § 1446(b) applies retroactively to cases pending in state court at the time of enactment, See *Royer v. Harris Well Service,* 741 F.Supp. 1247 (M.D.La.1990); *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543 (N.D.Cal.1989); *Strickland v. A.P. Propane, Inc.,* 721 F.Supp. 284 (M.D.Fla. 1989), the one year provision does not apply to cases already removed to federal court at the effective date of the statute. *Wilson v. General Motors Corporation,* 888 F.2d 779 (11th Cir.1989).

In the case at bar, suit was filed on May 27, 1987. Defendant, Firestone Tire & Rubber Co., was served during February, 1988. On September 12, 1988, Firestone Tire & Rubber Co. filed its notice of removal. The effective date of the one year provision of 28 U.S.C. § 1446(b) is November 19, 1988. Thus, because removal was perfected before the effective date of the statute, the one year provision does not apply.

The court concludes that: 1) plaintiff voluntarily abandoned its action against the Firestone Store of Plaquemine; and 2) the one year provision in 28 U.S.C. § 1446(b) is not applicable to this case. Because plaintiff untimely filed his motion to remand, this court will retain jurisdiction over the matter. The motion to remand is hereby DENIED.