**Johnnie D. MIZE, Plaintiff,**

v.

**AMERCRAFT CORPORATION, et al., Defendants.**

**Civ. A. No. 94–D–1359–S.**

United States District Court, M.D. Alabama, Southern Division.

Nov. 30, 1994.

---

John E. Byrd, Dothan, AL, for plaintiff.

Samuel Lamar Adams, Dothan, AL, for Amercraft Corp.

Sydney R. Prince, III, Mobile, AL, for Liberty Mut. Ins. Co.

### ORDER

De MENT, District Judge.

This matter is before the court *sua sponte.* The determinative issue is whether the one-year bar on removal of diversity cases contained in 28 U.S.C. § 1446(b) is jurisdictional or procedural. For the reasons set forth below, the court finds that it is jurisdictional; thus, the court must remand this action to state court.

## PROCEDURAL FACTS

Plaintiff Johnnie D. Mize filed his complaint and the issuance of a summons on August 30, 1993, in the Circuit Court of Houston County, seeking alleged benefits under the Alabama Workers' Compensation Act, Ala.Code §§ 25–5–1, *et seq.* (1975). The named defendants in the original complaint are AmerCraft Corp. ("Amercraft") and several fictitious parties.

Exactly one year later on August 30, 1994, plaintiff amended his complaint by adding numerous state law claims.[1] Plaintiff simultaneously moved the circuit court to add Liberty Mutual Insurance Co. ("Liberty") as a defendant to the state law claims listed under Count II of the amended complaint, which motion the circuit court granted in its order dated August 31, 1994. Count II of the amended complaint alleges seven purported state theories of recovery, arising out of the facts underlying the workmen's compensation claim. These theories of recovery against all defendants are as follows: tort of outrage; "tort of economic duress"; breach of contract; breach of good faith "in handling, investigating, processing and tactics associated with this claim"; fraud; misrepresentation; and deceit. Plaintiff seeks damages in the sum of $5,000,000.00 plus interest and costs.

Subsequently, on October 21, 1994, defendants Liberty and Amercraft removed this action pursuant to the general removal statute, 28 U.S.C. § 1441. The asserted basis of jurisdiction is diversity of citizenship, plaintiff being a citizen of Alabama and defendants being citizens of other states. Defendants amended the style of the notice of removal on November 1, 1994.

## DISCUSSION

### I. *Historical Background of 28 U.S.C. § 1446(b)*

In 1988, Congress enacted the "Judicial Improvements and Access to Justice Act." P.L. 100–702, 102 Stat. 4642–4673 (1988). Among other things, the Act restricts the federal court's removal jurisdiction. Specifically, the amendments added a second paragraph to § 1446(b). In sum, this paragraph provides that when the legal basis of the initial complaint does not allow for removal to federal court, defendants are bound by "two separate and independent time limits." *Greer v. Skilcraft,* 704 F.Supp. 1570, 1582 (N.D.Ala.1989) (en banc district court). First, defendants must file a notice of removal within thirty days from the receipt of an "amended pleading, motion, order, or other paper" creating jurisdiction in federal court; second, if removal is based on diversity of citizenship, defendants also must file the notice of removal within one year from the commencement of the action. *Id.;* see, e.g., 28 U.S.C. § 1446(b). The one-year limitation begins to run when the plaintiff files the original complaint *and* makes a "bona fide" effort to serve the defendant(s). *Id.* at 1583. The purpose of the 1988 amendment to § 1446(b) is as follows:

"Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption."

*Steele Co.,* 257 U.S. 92, 97–98, 42 S.Ct. 35, 37–38, 66 L.Ed. 144 (1921) (holding that a federal court must take as true the statements in the petition for removal).

---

1. The court in outlining the chronological events of this case has relied on the dates provided to the court in defendants' petition for removal and copies of the pleadings and other papers attached thereto. *See Wilson v. Republic Iron &*

*Strickland v. A.P. Propane, Inc.,* 721 F.Supp. 284, 286 (M.D.Fla.1989) (Moore, J.) (quoting 7 U.S.Code Cong. & Admin.News 1988 pp. 5982, 6032–6033).

## II. § 1446(b) One–Year Limitation: Jurisdictional or Procedural?

■ The court's decision hinges on whether the one-year time bar in § 1446(b) is jurisdictional or procedural. Here, the importance of distinguishing between procedural defects in the removal process and an absence of subject matter jurisdiction lies in the court's power to remand, *sua sponte,* a case to state court. If jurisdictional, the issue of the court's authority to hear the case may be raised at any time, even by the court *sua sponte.* If procedural, however, once thirty days has elapsed after the filing of the notice of removal, the court is no longer statutorily empowered *sua sponte* to remand a case for procedural defects in the removal process. *Federal Deposit Ins. Corp. v. Loyd,* 955 F.2d 316, 323 (5th Cir.1992). *See also* 28 U.S.C. § 1447(c).

The circuits are split as to whether removal outside the one-year limitation contained in § 1446(b) is a procedural defect or jurisdictional limitation. *See* 28 U.S.C. § 1447(c).[2] The Court of Appeals for the Fifth Circuit has broadly construed § 1447(c)'s language "any defect in removal procedure" to mean any defect that does not involve federal court subject matter jurisdiction; that is, " 'any defect that does not go to the question of whether the case originally could have been brought in federal district court.' " *Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513, 516 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 600, 121 L.Ed.2d 536 (1992) (quoting *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1544 (5th Cir.), *cert. denied,* 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991)). Thus, in the Fifth Circuit, an objection based on the one-year cap imposed in § 1446(b) is a procedural defect, which is waived by the failure to raise it within thirty days. *Id.* at 516.

Other circuits, however, do not so broadly interpret the language of § 1447(c). For example, the Courts of Appeal for the Third and Eighth Circuits hold that a motion to remand based upon abstention is not a procedural defect, and, thus, is not subject to the thirty-day rule. *Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497, 1502–03 (8th Cir.1992) (citing *Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207, 1213 (3d Cir.), *cert. denied,* 502 U.S. 908, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991)).

The Third and Eighth Circuits have not squarely addressed whether the one-year time limitation is jurisdictional or procedural. Several district courts, however, including those in the Eleventh Circuit, conclude that the one-year removal cap on the basis of diversity of citizenship is a jurisdictional limitation. Hence, the jurisdictional one-year removal cap is not limited by the thirty-day rule, which prevents the granting of motions to remand based on procedural defects in the notice of removal and on untimeliness. *Molden v. Firestone Tire & Rubber Co.,* 754 F.Supp. 521, 523 (M.D.La.1990) (Parker, J.) (finding that the one-year jurisdictional time bar "must be noticed by the court *sua sponte*") (citing *Smith v. MBL Life Assurance Corp.,* 727 F.Supp. 601 (N.D.Ala.1989) (Acker, J.); *Strickland v. A.P. Propane, Inc.* 721 F.Supp. 284 (M.D.Fla.1989) (Moore, J.)).

■ With all deference to the Court of Appeals for the Fifth Circuit, which is exceedingly learned in the law, the court respectfully declines to follow its reasoning. Instead the court is convinced that the one-year period in § 1446(b) is jurisdictional. The court's conclusion is supported by the legislative history of the 1988 Act, which explained that one of the purposes of the amendment was to prevent disruption of state court proceedings. *Brock by Brock v. Syntex Laboratories, Inc.,* 791 F.Supp. 721, 723 (E.D.Tenn.1992), *aff'd,* 7 F.3d 232 (6th Cir.1993). Finding that the one-year bar is jurisdictional also is consistent with that portion of the 1988 Act, which increased the

---

**2.** 28 U.S.C. § 1447(c) provides in pertinent part: "A motion to remand the case on the basis of *any defect in removal procedure* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

amount in controversy from $10,000.00 to $50,000.00 "for the express purpose of reducing the caseload of the federal courts." *Id.* (citing 1988 Cong. & Admin.News at 6005–06). Finally, treating the one-year cap as a procedural defect encourages defendants to risk removal in the hope that plaintiff will overlook the thirty-day limit. *Id.*

### III. *Application of § 1446(b) to the Facts*

■ Here, the action was not removable when plaintiff filed his original complaint, as federal courts lack subject matter jurisdiction to entertain state workmen's compensation claims originally filed in state court. *Kay v. Home Indemnity Co.,* 337 F.2d 898, 901 (5th Cir.1964)[3] (holding that Congress has unequivocally articulated in 28 U.S.C. § 1445(c)[4] that when an employee chooses a state forum for vindication of alleged rights under a state workmen's compensation statute, removal from state to federal court is prohibited).

■ On August 30, 1994, however, plaintiff amended his complaint by adding numerous state law claims and by alleging damages in the sum of $5,000,000.00. Asserting diversity jurisdiction as the basis of removal, defendants filed a notice of removal on October 21, 1994, more than one year after the filing of both the original and amended complaint. Clearly, the facts of this case fall within the one-year limitation of removal of diversity cases; this is exactly one of the situations Congress sought to prevent. Because Congress has prohibited federal courts from hearing actions that violate the requirements set out in § 1446(b), the court finds that it is barred from hearing this action. Moreover, the court's decision is influenced by the general rule that courts must strictly construe the removal statutes against removal; thus, generally speaking, all doubts about removal must be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Butler v. Polk,* 592 F.2d 1293 (5th Cir.1979).

■ Furthermore, the court agrees with the reasoning espoused in *Smith,* which stated that "in diversity cases, comity requires federal courts to allow state courts to proceed with their cases unless those cases are clearly and unequivocally removable." *Id.* at 603. Moreover, a contrary finding would undermine the notion of judicial economy, thus, preventing a prompt, efficient and economical disposition of the case. Adopting the reasoning of the Fifth Circuit would require a dissection of a single case: As discussed above, the court would be forced to send half of this case back to state court, i.e., the worker's compensation claim, while retaining jurisdiction over the state law claims in Count II of the complaint. This is necessarily inefficient, particularly when, as here, the claims arise from precisely the same facts. Indeed, requiring the parties to needlessly participate in two lawsuits is not only a waste of time and money, but could lead to inconsistent verdicts on the same facts.

Finally, the court notes that the defendants, who have the burden of establishing federal jurisdiction, have not indicated to the court any improper motive on the part of the plaintiff in amending his complaint one year after the commencement of the action. *See Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368 (9th Cir.), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987).

### CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that the instant case be and the same is hereby REMANDED to the Circuit Court of Houston County.

The clerk is DIRECTED to take the appropriate steps to effectuate said remand.

It is further CONSIDERED and ORDERED that all costs herein incurred be and the same are hereby taxed against defen-

---

**3.** Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**4.** "A civil action in any state court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

dants Liberty Mutual Insurance Co. and Amercraft Corp., for which let execution issue.