**Steven S. CANNADAY, Sr., Plaintiff,**

v.

**Randy GIBAS, Defendant.**

**No. 90–C–713.**

United States District Court,
E.D. Wisconsin.

Sept. 30, 1992.

Steven S. Cannaday, Sr., pro se.

James E. Doyle, Atty. Gen. by Charles R. Larsen, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On July 16, 1990, pro se plaintiff Steven S. Cannaday, Sr., currently in federal custody in the United States penitentiary, Atlanta Georgia, filed a petition to proceed in forma pauperis and a complaint under 42 U.S.C. § 1983 for alleged violations of his Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures. On September 12, 1990, this court denied Mr. Cannaday's petition on the ground that his complaint was "frivolous" and therefore, did not meet the standard of 28 U.S.C. § 1915(d).

Mr. Cannaday subsequently appealed the denial of his petition to proceed in forma pauperis. On appeal, the court of appeals for the seventh circuit concluded that "the district court erred in denying *ifp* status" to Mr. Cannaday and vacated the September 12, 1990, decision and order denying his petition to proceed in forma pauperis. *Cannaday v. Gibas and Holzer*, No. 90–3102 (7th Cir. Aug. 6, 1991) [940 F.2d 665 (table)]

By decision and order on remand of September 30, 1991, this court granted the plaintiff's petition to proceed in forma pauperis. The plaintiff originally brought the action against Randy Gibas, James Holzer and the Manager of Urich's Master Locksmith's Co. However, by order of February 24, 1992, the court granted the plaintiff's own motion to dismiss the action with respect to Mr. Holzer and the Manager of Urich's Master Locksmith, Inc.

On September 21, 1992, a trial to the court was conducted in this action. In addition to four witnesses, Mr. Cannaday testified on his own behalf. At the conclusion of the plaintiff's case, the defendant made an oral "motion to dismiss" which this court construed as a motion for judgment on partial findings under Rule 52(c), Federal Rules of Civil Procedure. After considering all of the evidence presented by the plaintiff, the court granted the defendant's motion on the basis of the following findings of fact and its conclusions of law. *See* Rule 52(a), Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. On August 8, 1988, the defendant, Randy Gibas, in his capacity as special agent for the state of Wisconsin Division of Criminal Investigation, submitted an application and affidavit for a search warrant on the premises of 2127 North 32nd Street, Milwaukee. On the same date, United States Magistrate Judge Robert L. Bittner issued the warrant which authorized the seizure of cocaine, narcotics paraphernalia, United States currency and records of drug trafficking. The validity of the search warrant presently is not challenged.

2. The structure to be searched on 32nd Street was owned by Ernestine and Donald Cannaday—the parents of the plaintiff— and consisted of two levels. The upper level was assigned the address of 2129 North 32nd Street and the lower level was assigned the address of 2127 North 32nd Street.

3. On August 9, 1988, Mr. Gibas, along with other agents from the Wisconsin Division of Criminal Investigation, agents of the Federal Bureau of Investigation and officers of the Milwaukee Police Department, executed the search warrant. Entry to the lower level—2127 North 32nd Street—was forceably gained through the front door.

4. During the execution of the search warrant, a gun was fired from the upper level. Following the gun shot, the plaintiff descended the stairway which led to the upper level, surrendered himself and was placed under arrest. Mr. Cannaday informed the agents that the weapon that was discharged was left in the upper level. Wanda Welch, the plaintiff's fiancee who had been in the upper level with the plaintiff, was also placed under arrest. After Mr. Cannaday was placed under arrest, the upper level was searched and various items located therein were seized. The case activity report, which was introduced into evidence by the plaintiff, reveals that agent Dave Shellenberger of the Federal Bureau of Investigation and agent Gary Martine of

the Wisconsin Division of Criminal Investigation seized from the upper level various items including: handguns, United States currency and coins, a portable telephone, a body scanner, two pagers, and drug paraphernalia.

5. Patricia Cannaday, the plaintiff's sister, was present in a bedroom located on the lower level. She testified that she observed Mr. Gibas take some money and jewelry out of the safe that was located on the lower level. She also testified that she saw him holding some money which she believed came from the upper level; however, she acknowledged that she did not see Mr. Gibas go upstairs or actually seize any items from upstairs.

6. The plaintiff testified that he observed Mr. Gibas walk out of the house with a plastic "see-through" bag containing "proceeds" from the lower level safe.

## CONCLUSIONS OF LAW

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 insofar as it is an action under 42 U.S.C. § 1983 in which the plaintiff alleges that he was deprived of his Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures. In order to prove his entitlement to relief under 42 U.S.C. § 1983, Mr. Cannaday is required to demonstrate (1) that Randy Gibas acted under color of state law to deprive him of his constitutional right to be free from unreasonable searches and seizures, and (2) that Mr. Gibas was personally responsible for the deprivation. *See Crowder v. Lash,* 687 F.2d 996, 1002, 1005 (7th Cir.1982).

■ Here, the plaintiff contends that because the warrant obtained by the defendant expressly identified the premises to be searched as 2127 North 32nd Street, the search of the upper level—2129 North 32nd Street—was a warrantless and unreasonable search. A warrantless search is presumptively unreasonable and thus, violative of the Fourth and Fourteenth Amendments. *See Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967); *see also Wilson v. Health & Hospital Corp. of Marion County,* 620

F.2d 1201, 1208 (7th Cir.1980). Once the plaintiff demonstrates that the search was in fact a warrantless search, the burden then shifts to the defendant to demonstrate that the search was otherwise "reasonable" within the meaning of the Fourth Amendment. *See Wilson,* 620 F.2d at 1208.

■ In general, the rule with respect to multiunit dwellings is that probable cause must exist to search each unit. *See United States v. Higgins,* 428 F.2d 232, 235 (7th Cir.1970); *United States v. Hinton,* 219 F.2d 324, 325 (7th Cir.1955); *Bates v. City of Fort Wayne,* 591 F.Supp. 711, 721 (N.D.Ind.1983); *see also United States v. Whitten,* 706 F.2d 1000, 1008 (9th Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). However, an exception to this rule arises when an entire multiunit dwelling is actually being used as a single unit, or if the entire premises is suspect. *See Higgins,* 428 F.2d at 235; *Hinton,* 219 F.2d at 325; *Bates,* 591 F.Supp. at 721.

The plaintiff is also required to demonstrate that Mr. Gibas personally participated in the alleged unlawful conduct. To meet this burden, the plaintiff need only demonstrate the existence of a causal connection or an affirmative link between the unlawful search and the defendant. *See Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983); *Crowder,* 687 F.2d at 1005.

## DISCUSSION

On a motion for judgment based on partial findings under Rule 52(c), Federal Rules of Civil Procedure, made at the close of the plaintiff's case, I am obligated to view all of the evidence presented in a light most favorable to the plaintiff and to draw all reasonable inferences in the plaintiff's favor. *See Crowder,* 687 F.2d at 1002. Nevertheless, I am convinced that the plaintiff has failed to present a prima facie case under 42 U.S.C. § 1983.

■ It is undisputed that a warrant was not expressly issued for 2129 North 32nd Street. However, it is not necessary that I determine whether the building comprising 2127 and 2129 North 32nd Street was uti-

lized as a single-family dwelling because I conclude that the plaintiff has not demonstrated that Mr. Gibas participated in or caused the search of the *upper* level or the seizure of any items from the *upper* level.

At trial, the plaintiff failed to produce any evidence which even suggested that Mr. Gibas went to the upper level or that he directed the other agents to search the upper level. Moreover, the plaintiff failed to produce any credible evidence to establish that the defendant was affirmatively involved, even tangentially, in the seizure of any items from the upper level. At best, the evidence discloses that the defendant's participation was limited to providing the affidavit underlying the search warrant— the validity of which is not contested—and handling the contraband from the *lower* level safe. In the absence of any credible evidence of the defendant's participation in the alleged deprivation—the unlawful search and seizure of the upper level—the plaintiff has failed to meet his burden of proof as to the only named defendant.

■ In addition, assuming that the lower level and upper level constitute separate units, I am convinced that the record, as it presently stands, reveals that the circumstances surrounding the search of the upper level justified a warrantless search. Viewing the evidence in a light most favorable to the plaintiff, I am still obliged to hold that the gun shot in the upper level and the subsequent arrest of the plaintiff created a situation which warranted the search of the upper level and the seizure of the contraband items which were in plain view. *See Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); *United States v. Berkowitz,* 927 F.2d 1376, 1388 (7th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 141, 116 L.Ed.2d 108 (1991) (where officer has legal right to be on premises, he may seize evidence of a crime or contraband, the criminal nature of which is immediately apparent, which is in plain view).

Accordingly, the defendant's motion for a judgment on partial findings will be granted and the plaintiff's action will be dismissed as against defendant Randy Gibas.

## ORDER

Therefore, IT IS ORDERED that the defendant's motion for judgment on partial findings be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed, with prejudice, pursuant to Rule 52(c), Federal Rules of Civil Procedure.