1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Steven S. CANNADAY, Sr., Plaintiff-Appellant,
v.
Randy GIBAS, Defendant-Appellee.
 No. 92-3404.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.*
Decided Aug. 3, 1993.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 90 C 713, Myron L. Gordon, Senior Judge.
 
 
 1
 E.D.Wis., 803 F.Supp. 1516.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Steven Cannaday, proceeding pro se, brought this action under 42 U.S.C. Sec. 1983 alleging that the defendant, Randy Gibas, a law enforcement officer, violated his Fourth and Fourteenth Amendment right to be free from unreasonable searches when he conducted a warrantless search of Cannaday's residence. The action came before the district court for a bench trial. At the close of Cannaday's case, the district court granted Gibas's oral motion for judgment on partial findings under Fed.R.Civ.P. 52(c) and dismissed the action.** This appeal followed. We affirm.
 
 
 4
 Cannaday contends that the district court abused its discretion in denying his motion to amend his complaint to add a defendant to the action pursuant to Fed.R.Civ.P. 15. We conclude that the denial of Cannaday's amendment was proper. Cannaday had over two years to add another defendant to the case. His delay in doing so until the morning of the trial was undue and prejudicial to the defense. See Perrian v. O'Grady, 958 F.2d 192, 194-95 (7th Cir.1992). In addition, the district court gave Cannaday the option of dismissing the action without prejudice to his right to refile it against the additional defendant. Cannaday insisted, however, on proceeding without that party.
 
 
 5
 Cannaday also contends that the district court erred in giving judgment for Gibas. This contention has no merit. Cannaday failed to produce any evidence that Gibas played a personal role in the search and seizure of his residence. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986). There is no derivative liability under Sec. 1983. Pacelli v. deVito, 972 F.2d 871, 878 (7th Cir.1992). Nor did Cannaday produce any evidence undermining the validity of the affidavit signed by Gibas to obtain the search warrant of his residence. See Franks v. Delaware, 438 U.S. 154 (1978). For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 We note that on December 1, 1991, Rule 41(b)'s procedure for an involuntary dismissal at the close of the plaintiff's evidence in a bench trial was replaced with Rule 52(c). Fed.R.Civ.P. 41 & 52, Notes of Advisory Committee on Rules, 1991 Amendment