FIDELITY & CASUALTY COMPANY OF NEW YORK, a corporation, which sues for its own use and benefit, and for the use and benefit of Elder Wyatt, Plaintiff,

v.

SAFEWAY STEEL SCAFFOLDS COMPANY, a corporation, et al., Defendants.

Civ. A. No. 9857.

United States District Court
N. D. Alabama, S. D.
Feb. 7, 1961.

Davies, Williams & Wallace; and Al G. Rives of Jackson, Rives, Pettus & Peterson, Birmingham, Ala., for plaintiff.

Moore, Thomas, Taliaferro, Forman & Burr, and Andrew J. Thomas, Birmingham, Ala., for defendants.

GROOMS, District Judge.

This cause is on a motion to remand.

On May 16, 1958, the plaintiff filed this action against the Safeway Steel Scaffolds Company, a corporation, and

"Safeway Steel Scaffolds Company, a partnership consisting of John Doe, Richard Roe, A, B, C and D, whose true and correct names are otherwise unknown to plaintiff but whose true and correct names will be added by amendment to plaintiff's complaint when ascertained; E, F, G, and H, doing business as Safeway Steel Scaffolds Company, whose true and correct names are otherwise unknown to plaintiff but whose true and correct names will be added by amendment to plaintiff's complaint when ascertained; X Company, whose true and

correct name and legal status is otherwise unknown to plaintiff but who was that person, firm or corporation which rented or leased to the S. S. Jacobs Company the scaffold mentioned in plaintiff's complaint and whose true and correct name and legal status will be added by amendment to plaintiff's complaint when ascertained; Y; and Z, Defendants."

It is averred in the removal petition that the Safeway Steel Scaffolds Company, a corporation, which is named as one of the defendants, is one and the same entity as petitioner[a] in the removal petition and that a return of "not found" has been made by the Sheriff of Jefferson County, Alabama, as to all of the defendants other than Safeway Steel Scaffolds Company, a corporation. The petition further avers that on February 6, 1961, when the case was called for trial in the Circuit Court of Jefferson County, Alabama, plaintiff announced that it was ready for trial; that such action on the part of counsel for plaintiff worked a severance as to all parties defendant named in the summons and complaint who have not been served with process, and that immediately following such action of plaintiff, petitioner forthwith filed its removal petition to this court.

It will be noted that "X Company" is made a party defendant and described as indicated above. Under the authority of Pullman Co. v. Jenkins,[1] the designation of the X Company in the manner indicated prevented a removal to this court.

■ It is claimed by movant that by virtue of the fact that on, to wit, December 30, 1960, the petitioner acquired knowledge that it furnished all of the scaffolding, the unsafeness of which is charged as proximately resulting in the employee's injuries, that petitioner should have moved within 20 days from that date to remove the cause to this

---

a. Safeway Steel Scaffolds Company of Georgia, a corporation.

1. 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

court, notwithstanding the fact that there was no action taken by the movant to eliminate X Company as a party from the case. It was further contended that the X Company designation was merely *descriptio personae* of petitioner and not of a third party. Petitioner asserts that the question as to who furnished the scaffolding is still an issue and will be made so when its answer is filed in this cause.[2] That issue goes to the merits of the controversy. I am of the opinion that as long as X Company as presently described remained in the case, movant was not in the position to urge that the petition was not timely filed.

When the movant as plaintiff announced that it was ready to proceed with trial, for the purpose of removal this constituted a severance as to the parties not served. This question seems to have been squarely presented to and answered by the Court of Appeals for the Ninth Circuit, in Southern Pac. Co. v. Haight.[3] The Court quoted at length from Berry v. St. Louis & S. F. R. Co.,[4] following which it said:

> "It is our opinion and we hold that the rule of the Berry case, supra, is sound, and that the plaintiff in the instant case having petitioned the court to set the case for trial and having announced that she was ready to proceed with the trial against the Southern Pacific Company, each at a time when only the latter defendant had been brought into court, had abandoned the joint character of her action, and rendered the cause immediately removable to the District Court."

The Court also considered the question of the timeliness of the filing of the removal petition. Some five months before the case was set for trial the plaintiff served and filed a memorandum to set the cause for trial and contended that the defendant should have moved for removal within 20 days from that date. In answer to this contention, the Court said:

> "The petition to remove was made immediately after the plaintiff announced herself ready to proceed with the trial against the Southern Pacific Company alone, and was therefore, timely. The fact that the resident defendant was not served or would not appear at the time set for trial would not of necessity be known to the non-resident defendant and therefore his right to remove could not be denied because he did not move for the severance upon his being served with notice of setting the case for trial.
>
> "However, the fact that plaintiff had the case set for trial, knowing that the resident defendant had not been served and appeared in court with such knowledge and answered that she was ready for trial is conclusive evidence that she regarded the action as severed and negatives the idea that she had not definitely determined upon her course and acted upon such determination instead of having inadvertently placed her case in a position subject to removal and therefore subject to withdrawal with the court's permission of her petition and consent to proceed."

In Stamm v. American Telephone & Telegraph Co. et al.,[5] Judge Whittaker, now Justice Whittaker, recognized this to be the rule, although it is evident that his holding in that case in this respect was *dicta.*[6]

---

2. This answer had not been filed in the State court since the pleadings were not settled when the case was assigned to the tr'al judge.

3. 126 F.2d 900, 904.

4. C.C., 118 F. 911, at pages 913–914.

5. D.C.W.D.Mo., 129 F.Supp. 719, 721.

6. "The temptation is overpowering to say that plaintiff's victory on this remand is probably more fanciful than real, and will be short-lived, because, unless defendant, Tatum, will enter his appearance in the case—which seems unlikely—probably the defendant will press for trial, and if plaintiff then announces ready for trial or proceeds to trial without the defendant, Tatum, in court, that

In view of the foregoing it is, therefore, Ordered, Adjudged and Decreed that the plaintiff's motion to remand be and the same is hereby overruled.

action of the plaintiff will constitute a voluntary dismissal, abandonment, or discontinuance, of the action as to the defendant, Tatum, which would then undoubtedly render the case removable; but I must deal on the record as it stands before me now, and, on that record the removal was at least premature, and the motion to remand must be sustained."