Terry Lynn DUFF, Plaintiff,

v.

The AETNA CASUALTY AND SURETY COMPANY, a foreign insurance corporation, and Emory L. Smith, Defendants.

Civ. No. 68-C-20.

United States District Court
N. D. Oklahoma.
July 25, 1968.

Jack B. Sellers, Sapulpa, Okl., for plaintiff.

Green, Feldman & Hall, Tulsa, Okl., for defendants.

### ORDER

DAUGHERTY, District Judge.

Plaintiff Duff, a citizen of Oklahoma, is the insured under a policy of insurance issued by Defendant, Aetna Casualty and Surety Company, a Connecticut corporation with its principal place of business at Hartford, Connecticut. Suit was brought in the Creek County District Court and service on the Defendant Aetna was completed in the manner prescribed by Oklahoma statute (36 Oklahoma Statutes § 621). Defendant Smith has never been served and it does not appear that summons was ever issued as to him as is required by 12 O.S. § 151.[1] Defendant Aetna has filed a Petition for Removal and Plaintiff opposes it by his Motion to Remand, which is now under consideration by the Court.

Upon consideration of the briefs filed by the parties and the record before the Court, it is the opinion of the Court that the Plaintiff's Motion to Remand should be denied.

Plaintiff places much reliance on the case of Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334, (1939). In that case it is said:

"* * * the rule is otherwise where a non-separable controversy involves a resident defendant. In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant." 305 U.S. at p. 541, 59 S.Ct. at p. 350, 83 L.Ed. at pp. 339–340.

---

1. 12 O.S. § 151 *Petition and summons.*
"A civil action may be commenced in a court of record, by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

This statement can no longer be considered the law on the subject. Not only has the requirement of service ("and served") been added to 28 United States Code, § 1441(b),[2] but also the "separable controversy" language has been replaced in statutory law with "separate and independent claim." 28 United States Code § 1441(c). Cases of this kind have been most prolific in the federal courts of Missouri, judging from the published reports.[3]

■ This matter has been before this Court wherein a result contrary to the Missouri cases was reached.[4] However, the conflict between the result reached by the Missouri federal courts and by this Court may be reconciled in some degree. Under Missouri law, the filing of a petition is considered an order to the clerk of the state court to issue summons thereon, thus a suit is commenced and jurisdiction obtains by the mere filing of the petition.[5] The non-resident defendant's remedy for plaintiff's failure to serve the resident defendant is to wait until trial, at which time the failure to serve the resident will constitute a severance of the defendants and the case then becomes removable.[6] Oklahoma law is different from Missouri law. The Plaintiff must prepare the summons and give it to the clerk of the state court for issuance.[7] It does not appear from Plaintiff's Motion to Remand that this procedure has been followed by the Plaintiff. On the basis of the record, the Court is not able to determine that this suit was ever "commenced" with respect to the resident Defendant; on the same record, it is able to determine that diversity of citizenship existed at the time this suit was "commenced" in the Oklahoma courts. At this stage of the case, it is not necessary to deal with what effect the issuance of summons without service of same would have.

■ Removal jurisdiction is determined as of the time the state court action is commenced. Barron & Holtzoff Federal Practice and Procedure, Vol. 1, § 103, p. 472. According to Oklahoma law, this action has been commenced only as to Defendant Aetna who is not a

---

2. This statute now reads:
   "(b) Any civil action of which the District Courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."
   The words "and served" were added in the revision of the predecessor statute to 28 U.S.C. § 1441(b) in 1948. Pullman was decided in 1939.

3. Schindler v. Wabash R. Co., 80 F.Supp. 685 (Mo.1948); Stamm v. American Telephone & Telegraph Co., 129 F.Supp. 719 (Mo.1955); Rick v. Hedrick, 167 F.Supp. 491 (Mo.1958); Wolsum v. J. W. Bateson Company, 182 F.Supp. 879 (Mo.1960); Lewis v. Producers Cooperative Oil Mill, 205 F.Supp. 293 (Mo. 1962); Beglane v. Switzer, 209 F.Supp. 849 (Mo.1962).
   None of these cases seems to take into account the changes affected by 28 U.S.C. § 1441 since the Pullman case, supra, was handed down.

4. Robertson v. Nye, 275 F.Supp. 497 (Okl. 1967).

5. Johnson v. Missouri Pacific Transp. Co., 25 F.Supp. 692 (Mo.1938). This case formed the basis for the subsequent Missouri decisions cited in note 3, supra. The position of the Missouri courts in one case has been criticized: Barron & Holtzoff Federal Practice and Procedure, Vol. 1, § 103, note 31 (1967 Pocket part at page 319). The language of the statute seems to be plain and unequivocal. 28 U.S.C. § 1441(b) provides in part, "Any other such action shall be removable only if *none* of the parties in interest properly joined *and served* as defendants is a citizen of the state in which such action is brought." (Emphasis added). See note 3, supra, for the Missouri cases.

6. Fidelity & Cas. Co. of N. Y. v. Safeway Steel Scaffolds Co., 191 F.Supp. 220 (Ala. 1961).

7. 12 O.S. § 153: Issue of summons—Requisites.
   "The summons shall be prepared by the plaintiff, petitioner, cross-petitioner, intervenor, or any person seeking affirmative relief, and issued by the clerk; * * * *"

citizen of this state. With this disposition of the case, the Court does not reach the question of fraudulent joinder raised by Defendant Aetna.

Plaintiff's Motion to Remand is denied.