**SOUTH PANOLA CONSOLIDATED SCHOOL DISTRICT, Plaintiff,**

v.

**David S. O'BRYAN, d/b/a Winona Roofing and Sheet Metal and United States Fidelity & Guaranty Company, Defendants.**

**No. DC 76–125–S.**

United States District Court, N. D. Mississippi, Delta Division.

March 24, 1977.

William E. Corr, Jr., Corr & Carlson, Sardis, Miss., for plaintiff.

Kenneth G. Perry, Robert M. Allen, Jr., Shell, Buford, Bufkin, Callicutt & Perry, Jackson, Miss., for defendants.

William Liston, Liston, Crull & Gibson, Winona, Miss., for third-party defendant.

Jimmy E. McElroy, Fulton, Miss., for F. L. Crane & Sons, Inc.

Donald W. Bond, Winona, Miss., for Johns-Manville Sales Corp.

John H. Fox, III, Fox & Gowan, Jackson, Miss., for Celotex Corp.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice is before the court on motion of South Panola Consolidated School District, a citizen of Mississippi (plaintiff) to remand the case to the Chancery Court of The Second Judicial District of Panola County, Mississippi, the court from whence it was removed by defendant United States Fidelity and Guaranty Company (USF&G).

The pleadings, affidavits and other documents submitted to the court reflect that the action grows out of an alleged default by defendant David S. O'Bryan, trading as Winona Roofing and Sheet Metal, a citizen of Montgomery County, Mississippi (O'Bryan) in the performance of a contract for work to be performed to the roof of the Batesville Elementary School, a unit of plaintiff school district. The contract is dated August 12, 1975, and the work required by its terms, was to have been completed within 45 days after the issuance of a work order. USF&G appears as the surety on the Performance Bond given by O'Bryan in accordance with applicable state law. Miss.Code Ann. § 31–5–1 (1972).

The original pleading in the state court is denominated a "Bill for Specific Performance of Contract." The defendants to the bill are O'Bryan and his surety, USF&G. Process was duly issued for both defendants. Process for USF&G was personally served on November 15, 1976, on its duly authorized agent for service of process.

USF&G, a surety corporation, is a citizen of the State of Maryland. On December 13, 1976, USF&G filed in this court a petition for removal of the case to this court. The petition states that at the time of the removal, the resident defendant O'Bryan had not been served with process. On information and belief the petitioner charged that O'Bryan was not a citizen of Mississippi, but a resident and citizen of Tennessee.

USF&G based its right to remove the case from the state court on the grounds that the action was one of which this court had original jurisdiction because of the diversity of citizenship between it and plaintiff. The citizenship of the other defendant O'Bryan was disregarded because he had not been served with process at the time.

USF&G relys upon the provisions of 28 U.S.C. § 1441(b) which provides in part that "[a]ny civil action of which the district courts have original jurisdiction . . . shall be removable only if none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." (emphasis supplied).

The record reflects that while the original summons issued by the state court for

O'Bryan was not served at the time of the removal, subsequent to removal an alias summons has been issued and duly served.

At the request of the court the parties have supplemented the record with affidavits as to citizenship of O'Bryan. The court has also received a copy of O'Bryan's deposition, taken March 18, 1977.

It is clear to the court from O'Bryan's deposition and affidavit that O'Bryan's residence in Tennessee is temporary and that he intends to return to his previous residence in Winona, Mississippi, where he resided for more than 16 years prior to going to Memphis. O'Bryan stated in his affidavit

I, David S. O'Bryan, am an adult citizen of the City of Winona, Montgomery County, Mississippi, and have been such since August, 1960. My permanent mailing address is Hitching Post Motel, P. O. Box 382, Winona, Mississippi. I am presently residing at 6744 Quail Hollow Court, No. 1, Memphis, Tennessee, and have been residing at that address since on or about September 1, 1976.

.    .    .    .    .

My nervous condition is now much better and my present plans are to return to Winona, Mississippi, to reside on or about March 1, 1977.

The following excerpts are taken from O'Bryan's deposition:

Q. When you moved to Memphis, say, roughly in September of '76, isn't it true that you intended to permanently reside in Winona?

A. Yes. I intend to come—return to Winona.

.    .    .    .    .

Q. And you said you refused to sign another lease; is that correct?

A. Yes.

Q. And isn't it true that you don't intend to remain at this place?

A. It's true.

Q. All right, sir. Is it your intention at this time to return to Mississippi, in the future?

A. In the future, yes.

.    .    .    .    .

Q. [McKenzie] And is it your intention to permanently reside in Mississippi from now on?

A. Just as soon as I can, I will be a resident again in Mississippi.

Q. [McKenzie] Mr. O'Bryan, do you feel like that you have ever severed your ties with the State of Mississippi, so to speak?

A. No, sir.

Pages 17, 19–20 and 22 from Transcript.

This court said in *Majors v. Purnell's Pride, Inc.,* 360 F.Supp. 328, 329 (N.D.Miss. 1973):

Equally as well settled by Mississippi law is that a domicile, once established, continues until removal to another locality with intent to remain there and there has been an abandonment of the old domicile without intent to return. (Citation omitted) Also, Mississippi recognizes the rule that before a domicile of choice can be established, it must be shown by the evidence that there was an intent to abandon the domicile of origin. (Citation omitted.)

It thus appears to the court that O'Bryan is now and has been since 1960 a citizen of Winona, Montgomery County, Mississippi. At the time the action was commenced O'Bryan was temporarily out of the state but was, in fact, a citizen of the State of Mississippi. Residence and citizenship or domicile are not necessarily synonymous.

After removal, USF&G filed a third-party complaint against Patricia B. O'Bryan, the former wife of defendant O'Bryan and seeks to recover from her all sums which USF&G may be required to pay on account of the above-mentioned bond and all costs, expenses and attorney fees incurred in defense of the action. This demand is based on the execution by Mrs. O'Bryan of a Master Surety Agreement taken by USF&G at the time the bond was made. Mrs. O'Bryan and her then husband are said to have agreed to indemnify USF&G on account of the bond.

An attorney for USF&G in an affidavit filed with the court on February 9, 1977, states that in a telephone conversation with O'Bryan on February 8, 1977, he advised O'Bryan that an additional process would be mailed to him through the Secretary of State's office, and that O'Bryan was agreeable to receiving the process. O'Bryan admitted the receipt of the process in his deposition.

USF&G filed its answer to the Bill with the clerk of this court on January 4, 1977, and included a cross-claim against O'Bryan as co-defendant seeking from him indemnification and exoneration from any loss or expenses incurred in defending the suit.

USF&G also filed with the clerk on January 10, 1977, a motion to bring into the suit as additional plaintiffs certain suppliers of materials used by O'Bryan in the performance of the work covered by the bond.

To support its position, USF&G contended that all persons who supplied O'Bryan with materials consumed in the project were indispensable parties, citing Miss.Code Ann. § 31–5–9 (1972) to sustain its position. The parties involved are Jonns-Manville Sales Corp., Celotex Corporation, F. L. Crane & Sons, Inc., and the Mississippi State Tax Commission.

The court sustained the motion and granted USF&G permission to bring the interpleader action by way of counterclaim against the suppliers mentioned above.

The counterclaim of USF&G for interpleader has been filed, process thereon has been issued and presumably served on the suppliers sought to be brought into the case as additional plaintiffs. At least one, F. L. Crane & Sons, Inc., has answered the counterclaim.

The third-party defendant Patricia B. O'Bryan, has obtained an extension of time to answer the third-party complaint. Her answer is due as of the date of the preparation of this memorandum.

Plaintiff has moved the court for an order remanding the action to the state court. The primary object of plaintiff's suit is to require the resident defendant O'Bryan to perform the subject contract.

Plaintiff joined the non-resident surety company as a defendant because it had made the principal defendant's statutory performance bond. The main thrust of the litigation is between plaintiff, a citizen of Mississippi and O'Bryan, a citizen of the same state. It must be apparent from this observation by the court that the statutory diversity requirement does not exist. 28 U.S.C. § 1332.

To avoid the impact of the obvious lack of diversity USF&G argues the court has jurisdiction because of the provisions of 28 U.S.C. § 1441. This statute governs actions which are removable generally. That part which applies to civil actions provides that the action "shall be removable only if none of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis supplied). USF&G does not contend that O'Bryan was not properly joined but argues that the statute provides for removal even though O'Bryan was properly joined, because he had not been served before the petition for removal was filed.

The statute pertaining to procedure after removal has a bearing on the issue before the court. This statute, 28 U.S.C. § 1447, provides in pertinent part that "[i]n any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise" and expressly provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . ."

As the action sub judice now stands, plaintiff and O'Bryan are party litigants. They are citizens of the same state. They are the only parties to the construction contract out of which flow the rights of all others. To hold that the court has jurisdiction over the controversy of these citizens of the same state would be contrary to all known and accepted rules of law on the

subject. The court does not believe that the removal of the action sub judice to this court pursuant to 28 U.S.C. § 1441(b) could act to create jurisdiction that otherwise would not exist. The court is of the opinion that if any indispensable and necessary party is served with process and brought into the case after an action has been removed to this court and if the presence of that party destroys the jurisdiction of the court, then the action must be remanded to the state court. *Pacific S. S. Co. v. Sutton,* 7 F.2d 579, 581 (9th Cir.), *cert. denied,* 269 U.S. 586, 46 S.Ct. 202, 70 L.Ed. 425 (1925). *See* 1A J. *Moore,* Moore's Federal Practice, ¶ 0.168[3.—2]. *See also Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174 (9th Cir. 1969).

Among the cases cited by USF&G in support of its position are *Robertson v. Nye,* 275 F.Supp. 497 (W.D.Okl.1967) and *Duff v. Aetna Casualty and Surety Co.,* 287 F.Supp. 138 (N.D.Okl.1968). A close look convinces the court that they are distinguishable from the action sub judice. In the case being considered by the court, the principal defendant has been brought into the action by personal service. In *Robertson,* the court declined to remand the case because the resident defendant had not been served at the time of removal. The motion was denied by the court at a time when the controversy stood "as one between the Plaintiff, an Oklahoma citizen, and a defendant, not a citizen of Oklahoma . . . ." 275 F.Supp. at 498. The resident defendant was not before the court at any time before or after removal.

In *Duff,* the plaintiff did not request the issuance of process by the state court for the resident defendant. The only process issued by the state court was process for the non-resident defendant. The court observed that under Oklahoma law the plaintiff must prepare the summons and give it to the state court clerk for issuance and that, although a party may be named as a defendant, the action is not deemed to have been commenced against the party, unless the process is prepared and handed to the clerk for issuance. The plaintiff in *Duff* had not followed this procedure as to the resident defendant. The court concluded:

On the basis of the record, the Court is not able to determine that this suit was ever "commenced" with respect to the resident Defendant; on the same record, it is able to determine that diversity of citizenship existed at the time this suit was "commenced" in the Oklahoma courts. At this stage of the case, it is not necessary to deal with what effect the issuance of summons without service of same would have.

Removal jurisdiction is determined as of the time the state court action is commenced. . . . According to Oklahoma law, this action has been commenced only as to Defendant Aetna who is not a citizen of this state.

287 F.Supp. at 139.

It would be anomalous for the court to overrule the motion to remand and retain jurisdiction of a controversy over which it does not have original jurisdiction solely because the action was removed pursuant to 28 U.S.C. § 1441(b). All statutes in pari materia must be construed together and a determination reached that will comport with the evident intent of Congress. The court does not believe that Congress intended to create jurisdiction by the enactment of 28 U.S.C. § 1441(b).

When this statute is read in connection with the diversity statute 28 U.S.C. § 1332, the court concludes that where jurisdiction does not exist subsequent to removal, the court must remand the case to the state court.

An appropriate order will be entered by the court.