Joseph M. BERITIECH, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY and Joey Abston, Defendants.

Glover ROBERTS, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY and Frederick D. Byrd, Sr., Defendants.

Civ. A. Nos. 94–0934–BH–S, 94–0820–BH–C.

United States District Court, S.D. Alabama, Southern Division.

April 12, 1995.

Wyman O. Gilmore, Jr., Grove Hill, AL, Sidney W. Jackson, III, Mobile, AL, for plaintiff.

Stephen C. Jackson, Tony G. Miller, Lee E. Bains, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, for defendants.

## ORDER

HAND, Senior District Judge.

These actions are before the court on the plaintiffs' motions to remand to the Circuit Court of Mobile County.

Plaintiffs' Joseph M. Beritiech and Glover Roberts, both Alabama domiciliaries, filed their complaints separately in circuit court. The defendants in *Beritiech* are Metropolitan Life Insurance Company, a New York corporation with its principal place of business in New York, and Joey Abston, a Metropolitan insurance agent in Mobile and an Alabama domiciliary. The defendants in *Roberts* are Metropolitan Life and Frederick D. Byrd, Sr., also a Metropolitan insurance agent in Mobile and an Alabama domiciliary.

Plaintiff Beritiech alleges that defendant Abston told him in 1990 that if he converted the $10,000 accumulated cash value of his whole-life insurance policy, he could get $25,-000 in flexible-premium life insurance for no additional premiums. Beritiech claims Abston stated the cash value accumulated in his whole-life policy would never decrease, and his flexible-premium policy would provide greater cash value than the whole-life policy. He further claims that from 1990 to 1994, Abston continually reassured him his policy was in good order, that there was sufficient money to pay the premiums, and that the policy would remain in effect if Beritiech paid $35 monthly premiums.

Now Beritiech claims he will have to pay $1,600 per year to keep his policy in effect and that the cash value from his whole-life policy is almost depleted.

Plaintiff Roberts alleges that in 1967 or 1968 he purchased a dividend policy from Metropolitan Life. Premiums were $38 per month. In 1986, he contacted the company to buy $50,000 in life insurance. Roberts alleges that defendant Byrd stated that for $38 per month, Roberts would have a dividend policy with a face amount of $50,000, which would go to his beneficiary upon his death, and that he would have to pay premiums only until he turned 65, although the policy would remain in effect through age 90.

Roberts claims that when he turned 65, in 1993, he learned that unless he increased his monthly premium to $65 and agreed to a reduction in the policy to $30,000, his policy would lapse, because Byrd had reduced the value of the original dividend policy and used $3,142 from it to pay for the life-insurance policy.

Both plaintiffs assert state-law claims for fraud, misrepresentation, suppression, deceit, malice, and oppression. Beritiech also alleges conspiracy, breach of fiduciary duty, conversion, and failure to maintain adequate procedures, while Roberts alleges negligence, wantonness, and breach of contract.

Metropolitan Life removed both actions before the plaintiffs had served the nondiverse defendants. It invokes the court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, 1446. Both plaintiffs have filed motions to remand. *See id.* § 1447(c). Beritiech did so after serving nondiverse defen-

dant Abston, but Roberts did so before serving nondiverse defendant Byrd.

In opposing each motion to remand, Metropolitan Life sets forth several arguments, any one of which, if persuasive, would suffice to deny remand.

■ The court·must construe removal jurisdiction narrowly to limit federal jurisdiction and prevent encroachment on the state court's right to decide actions properly before it, especially in diversity actions. The removing defendants bear the burden of establishing federal jurisdiction. *Robinson v. Quality Ins. Co.,* 633 F.Supp. 572, 574 (S.D.Ala.1986) (citations omitted); *Harris v. Huffco Petroleum,* 633 F.Supp. 250, 253 (S.D.Ala.1986) (citations omitted).

## I

■ Metropolitan Life's first argument is based on the first section of the removal statute:

(a) Except as otherwise expressly provided by Act of Congress, *any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed* by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) *Any civil action of which the district courts have original jurisdiction* founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action *shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. §§ 1441(a, b) (emphasis added).

Citing the second sentence of § 1441(b), Metropolitan Life urges the court to disregard the domicile of the nondiverse defendants in determining the propriety of removal, because they were not "properly joined *and served*" before removal.

In *Pullman Co. v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939) (citations omitted), the Supreme Court held that

where a non-separable controversy involves a resident defendant[,] the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand there is no diversity of citizenship, and the controversy being a nonseparable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected. It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove.

*Pullman* relied on 28 U.S.C. § 71, an earlier removal statute. *Id.* at 538, 59 S.Ct. at 349; *Pecherski v. General Motors Corp.,* 636 F.2d 1156, 1159, 1159 n. 2 (8th Cir.1981) (quoting 28 U.S.C. § 71). After *Pullman,* Congress amended the removal statute to add § 1441. *Pecherski,* 636 F.2d at 1159.

The immediate issue before the court is whether in determining the propriety of removal the court may consider the domicile of Abston, a nondiverse defendant served after removal but before the filing of a motion to remand, or the domicile of Byrd, a nondiverse defendant served after the filing of a motion to remand. The underlying issue is whether § 1441(b) supersedes *Pullman.* Over this underlying issue the courts are divided. *Compare Mask v. Chrysler Corp.,* 825 F.Supp. 285, 289 (N.D.Ala.1993),[1] *aff'd*

---

1. "Noting that the plaintiffs have not yet perfected service on [the nondiverse defendant], the court holds alternatively that citizenship of [the nondiverse defendant] does not defeat removal jurisdiction. It is the opinion of this court that the unambiguous language of the statute should be construed exactly as written. [The nondiverse defendant] has not been 'properly joined and

*without opinion,* 29 F.3d 641 (11th Cir. 1994),[2] *and South Panola Consol. School Dist. v. O'Bryan,* 434 F.Supp. 750, 754 (N.D.Miss.1977) (citing *Pacific S.S. Co. v. Sutton,* 7 F.2d 579, 581 (9th Cir.1925)),[3] *with Pecherski,* 636 F.2d at 1160–61 (Jane Doe defendant unserved), *Kelly v. Drake Beam Morin, Inc.,* 695 F.Supp. 354, 356–57 (E.D.Mich.1988) (nondiverse defendant unserved), *and Schwegmann Bros. Giant Super Markets, Inc. v. Pharmacy Reports, Inc.,* 486 F.Supp. 606, 614–15 (E.D.La.1980) (nondiverse defendant served after removal) (citing *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174 (9th Cir.1969)).

With due regard for the Northern District of Alabama's admonition to construe unambiguous statutory language exactly as written, *Mask,* 825 F.Supp. at 289, the court respectfully submits that *Pecherski, Kelly,* and *Schwegmann Brothers* construe the removal statute correctly. Title

> 28 U.S.C. § 1441(b)[, which] must be read in conjunction with § 1441(a), ... limits the removal of suits where jurisdiction is based on diversity of citizenship, by providing that such actions are removable only if none of the "properly joined and served" defendants is a citizen of the state in which the suit is brought. [Title] 28 U.S.C. § 1441(b) does not change the general rule of § 1441(a), that a civil action is not removable unless the district court would have original jurisdiction over the suit.

*Kelly,* 695 F.Supp. at 356–57. Only when the district court has original jurisdiction

will the provisions of Section 1441(b) become operative. In other words, the provision in Section 1441(b) does not qualify the requirement of Section 1441(a) that there must be complete diversity between the named opposing parties; it merely adds the requirement in removal cases based on diversity that the joined and served defendants cannot include one from the state in which the action is brought.

*Schwegmann Bros.,* 486 F.Supp. at 614; *see also Harris,* 633 F.Supp. at 253 (citing 28 U.S.C. § 1441(b); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Martin v. Snyder,* 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602 (1893)). Section 1441(b) therefore "did not change the removal requirement set forth in *Pullman* that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." *Pecherski,* 636 F.2d at 1160.

The court reaches this conclusion not for any policy reasons, however meritorious they may be, *see, e.g., Pecherski,* 636 F.2d at 1161 n. 6,[4] but rather because the plain meaning of the statute requires this result. *See, e.g., id.* at 1160; *Kelly,* 695 F.Supp. at 356–57; *Schwegmann Bros.,* 486 F.Supp. at 614–15; *but see, e.g., Mask,* 825 F.Supp. at 289;[5] *South Panola,* 434 F.Supp. at 754.

A nondiverse defendant's having been served either (1) after removal but before the filing a motion to remand or (2) after the filing a motion to remand does not prevent the court from considering the nondiverse defendant's domicile in determining the propriety of removal.

---

served.' It, therefore, cannot defeat removal jurisdiction."

**2.** Because the Eleventh Circuit affirmed *Mask* without a published opinion, the decision is not binding precedent in this circuit. *See* 11th Cir.R. 36–2.

**3.** "[I]f any indispensable and necessary party is served with process and brought into the case after an action has been removed to this court and if the presence of that party destroys the jurisdiction of the court, then the action must be remanded to the state court."

**4.** "We also note that allowing unserved defendants to be ignored for removal purposes would

create needless jurisdictional problems. Because simultaneous service upon multiple defendants is unlikely to occur, removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served."

**5.** Although *Mask* does not mention *Pullman,* the *Mask* analysis depends on the presumption that § 1441(b) supersedes *Pullman. See Mask,* 825 F.Supp. at 289. Because this court holds that § 1441(b) does not supersede *Pullman, Pullman* is binding, and there is no need to consider distinguishing *Mask* from *Beritiech* and *Roberts* based on the lack of service on the nondiverse defendant in *Mask* and the post-removal service in *Beritiech* and *Roberts.*

## II

With respect to plaintiff Beritiech only, Metropolitan Life cites another part of the removal statute:

A motion to remand the case *on the basis of any defect in removal procedure* must be made within *30 days* after the filing of the notice of removal under section 1446(a). If at *any time* before final judgment it appears that the district court lacks *subject matter jurisdiction,* the case shall be remanded. . . .

28 U.S.C. § 1447(c) (emphasis added); *see also Wilson v. General Motors Corp.,* 888 F.2d 779, 781 n. 1 (11th Cir.1989). Metropolitan Life urges the court to deny the motion to remand, because Beritiech neither served defendant Abston nor moved to remand within 30 days of removal. Metropolitan Life appears to presume that Beritiech's failure to serve Abston by the thirtieth day after removal constitutes a "defect in the removal procedure."

The Eleventh Circuit has identified some such defects. *See, e.g., In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.,* 3 F.3d 353, 355 (11th Cir.1993) (noncompliance with §§ 1446(a, b) is a defect in the removal procedure) (citing *Wilson,* 888 F.2d at 781 n. 1). However, Metropolitan Life offers no case law, and the court has located no binding authority, supporting the notion that lack of service on a nondiverse defendant by the thirtieth day after removal is a defect in the removal procedure. The court declines to write this notion into the removal statute. Moreover, Beritiech's motion to remand is based on lack of subject-matter jurisdiction, so he need not have filed his motion to remand within 30 days of removal. *See* 28 U.S.C. § 1447(c); *Wilson,* 888 F.2d at 781 n. 1.

### III

Metropolitan Life next relies on a third part of the removal statute: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The plaintiffs did not seek after removal to *join* defendants whose joinder would destroy diversity jurisdiction. They sought to *serve* them. Section 1447(e) does not apply.

### IV

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed.R.Civ.P. 21.

Invoking this rule, Metropolitan Life invites the court "to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action under Fed.R.Civ.P. 19." *Fritz v. American Home Shield Corp.,* 751 F.2d 1152, 1154 (11th Cir.1985) (citing 7 C. Wright & A. Miller, Federal Practice and Procedure § 1685 (1972)). A district court generally has discretion to determine whether to drop a party under Rule 21, *id.* (quoting *Anderson v. Moorer,* 372 F.2d 747, 750 n. 4 (5th Cir.1967)), but before doing so, it must find that the party is not indispensable under Rule 19. *Id.* at 1155 (citing *Ralli–Coney, Inc. v. Gates,* 528 F.2d 572, 575 (5th Cir. 1976)). Rule 19 provides that the court shall consider the following factors:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

Having reviewed the allegations and law the parties have presented, the court is unable to conclude that the nondiverse defendants are dispensable under Rule 19, so it will not drop them under Rule 21. *See Fritz,*

751 F.2d at 1155 (citing *Ralli–Coney*, 528 F.2d at 575).

## V

 The Eleventh Circuit has held that to sustain a fraudulent joinder, a

> court must find either that there was no possibility that the plaintiff could prove a cause of action against the resident defendant or that the plaintiff fraudulently pled jurisdictional facts in order to subject that resident defendant to the jurisdiction of the state court.

*Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir.1988) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983)), *cited in Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989). The court looks to the plaintiffs' pleadings at the time of removal, *Coker*, 709 F.2d at 1440 (quoting *Pullman*, 305 U.S. at 537, 59 S.Ct. at 349), and follows state law in ruling on state-law claims. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) (quoting *Baltimore & O.R. Co. v. Baugh*, 149 U.S. 368, 401, 13 S.Ct. 914, 927, 37 L.Ed. 772 (1893) (Field, J., dissenting)).

Having reviewed the allegations and law the parties have set forth, the court is unable to conclude that there is "no possibility that the plaintiff[s] could prove a cause of action against the resident defendant[s]." *Insinga*, 845 F.2d at 254. Since there is no allegation and nothing to indicate that "the plaintiff[s] fraudulently pled jurisdictional facts in order to subject that resident defendant[s] to the jurisdiction of the state court," *id.*, the court cannot find that the plaintiffs fraudulently joined the nondiverse defendants.

## VI

Based on the foregoing, the nondiverse defendants remain, so the court must remand these actions for lack of subject-matter juris-

diction. *See* 28 U.S.C. § 1447(c). Nevertheless, the state court, with its greater expertise on state law, might conclude that the nondiverse defendants are due to be dismissed, so the court will not rule on the motions to dismiss the nondiverse defendants. *Cf. Lane v. Champion Int'l Corp.*, 827 F.Supp. 701, 704–05, 710 (S.D.Ala.1993) (finding no fraudulent joinder but remanding an action without ruling on a motion to dismiss for lack of *in personam* jurisdiction) (citations omitted).

Whether Metropolitan Life would be able to remove these actions again if the state court granted the motions to dismiss is a question not before the court.[6]

The court hereby GRANTS the plaintiffs' motions to remand these actions to the Circuit Court of Mobile County.

SO ORDERED.

---

**6.** The court appreciates that some of the year which Metropolitan Life has to remove this action under 28 U.S.C. § 1446(b) has passed while this court ruled on the motions to remand, but that appears to be the risk defendants incur in removing diversity-based actions and then attempting in *federal* court to get rid of nondiverse defendants, rather than moving to dismiss such defendants in *state* court and removing the actions if the state court dismisses the nondiverse defendants. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n. 12 (11th Cir.1994); *Mize v. Amercraft Corp.*, 874 F.Supp. 356, 358 (M.D.Ala. 1994) (citing *Greer v. Skilcraft*, 704 F.Supp. 1570, 1583 (N.D.Ala.1989) (en banc)).