889 F.Supp. 271 (1995)
In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.
Dorother ALEXANDER, et al., Plaintiffs,
v.
WYETH LABORATORIES, INC., et al., Defendants.
No. 1:95 CV 5068.
United States District Court, E.D. Texas, Beaumont Division.
June 16, 1995.
*272 T. Roe Frazer II of Langston, Frazer and Sweet, J.L. Chestnut, Jr of Chestnut, Sanders, Sanders & Pettaway and Frederick T. Kuykendall and Samuel H. Heldman of Cooper, Mitch, Crawford, Kuykendall and Whatley, for plaintiffs.
John W. Vardaman, F. Lane Heard III of Williams and Connolly, Paul Gertz and Larry Germer of Germer and Gertz, and Richard H. Gill of Copeland, Franco, Screws and Gill, for defendants.

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND
SCHELL, Chief Judge.
Before this court is Plaintiffs' Motion to Remand, filed on April 14, 1995. A response, filed by defendants American Home Products Corporation and Wyeth Laboratories, Inc. ("Defendants"), was timely filed on April 28, 1995. Upon consideration of the motion, response, and attached memoranda, the court is of the opinion that the motion should be GRANTED.

BACKGROUND
Plaintiffs originally filed this suit in Alabama state court on November 8, 1994. In response, the Defendants removed this case to the United States District Court for the Northern District of Alabama on December 21, 1994.[1] The case was then transferred to this court by the Judicial Panel on Multidistrict Litigation for pretrial proceedings. Finally, the Plaintiffs filed their motion to remand this action back to state court.

FACTS
Plaintiffs' complaint alleges that the defendants in this case design, test, manufacture, sell, or distribute silicone-coated levonorgestrel contraceptive implants ("NORPLANT") or the component parts thereof, ultimately to *273 be implanted in the bodies of women.[2] Plaintiffs seek to hold Defendants liable for both the side effects or adverse reactions allegedly caused by NORPLANT and the alleged difficulty of removing NORPLANT once it has been implanted.
Plaintiffs' Complaint contains four counts on behalf of all Plaintiffs.[3] The claims are alleged against all defendants, with no defendant specifically included or excluded from any claim.
Plaintiffs brought this suit in Alabama state court because they have alleged no federal cause of action and because all Plaintiffs are Alabama residents, with two defendants  Walker Drug Company ("Walker") and Durr Drug Company ("Durr")  also alleged to be citizens of Alabama for purposes of determining whether diversity jurisdiction exists. However, Defendants removed this suit to federal court, claiming that diversity jurisdiction did exist since Plaintiffs never served Walker and so Walker should not be considered in determining whether diversity exists, while Durr had merged into a California corporation and was therefore no longer a citizen of Alabama for diversity jurisdiction purposes. Plaintiffs then moved to remand back to Alabama state court.

DISCUSSION
Plaintiffs argument in favor of remanding this case is twofold: (1) diversity jurisdiction does not exist because at least one of the defendants is a citizen of Alabama, the state of citizenship of the Plaintiffs; and (2) diversity jurisdiction does not exist because the individual claims of the Plaintiffs do not meet the jurisdictional minimum of $50,000 as required for diversity jurisdiction. Because this court holds that at least one of the Defendants is a citizen of Alabama, this order does not address whether the amount-incontroversy requirement for diversity jurisdiction is satisfied.
Before discussing the issue of diversity jurisdiction, this court must first consider the threshold matter of which Circuit's law is to be applied.[4] The question of whether to apply the interpretation of 28 U.S.C. § 1441 given by the Fifth Circuit or by the Eleventh Circuit in a case transferred pursuant to 28 U.S.C. § 1407 is an issue which this court has very recently considered. In In re NORPLANT Contraceptive Prods. Liab. Litig., 878 F.Supp. 972 (E.D.Tex.1995), this court stated that "since federal removal and remand law is at issue, it is necessary that this court look first to Fifth Circuit law as a guide." Id. at 975. Additionally, this court held that "it is the law of the transferee court which applies" when a case is transferred pursuant to 28 U.S.C. § 1407. Id. n. 5. Therefore, looking primarily to Fifth Circuit precedent, this court must determine whether an unserved resident defendant is to be considered in determining whether diversity of jurisdiction exists.
The United States Supreme Court has held that the citizenship of all defendants, whether served with process or not, is to be considered when determining whether complete diversity exists in a removed lawsuit. Pullman Co. v. Jenkins, 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939). Following the decision in Pullman, Congress amended the removal statute so that it now provides that an action in which there is complete diversity of parties "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). Defendants argue that this language was enacted to change the result in cases like Pullman, and they cite several cases in support of their argument that resident defendants who have not been served may be ignored in determining whether complete diversity exists. However, upon review of these cases, this court finds that only one, Mask v. Chrysler Corp., *274 825 F.Supp. 285 (N.D.Ala.1993), aff'd without opinion, 29 F.3d 641 (11th Cir.1994), offers some support to the argument which the Defendants make to avoid remand of this case. Further, this court finds that the overwhelming majority of reported cases are of the opposing view and support remanding this case.
As a preliminary matter, this court examined each of the cases upon which the Defendants relied. First, Defendants cite Mask, 825 F.Supp. 285. In that case, the district court found that the defendant had been fraudulently joined and could therefore be ignored in determining whether complete diversity existed between the parties. Id. at 289. Alternatively, the court also found that the plaintiff's failure to serve the defendant also provided grounds for ignoring the citizenship of the defendant in determining removability based on diversity of citizenship. Id. In reaching this decision, the court stated that the courts are divided on the issue of whether to ignore the citizenship of unserved defendants, citing several cases. However, one of the cases which the court cited in support of its view that the citizenship of resident defendants who have not been served may be completely ignored in determining removability explicitly states that "[t]he presence of unserved resident defendants does not defeat removal [when] complete diversity exists." Wensil v. E.I. Dupont De Nemours and Co., 792 F.Supp. 447, 449 (D.S.C.1992) (quoted in Mask, 825 F.Supp. at 289) (emphasis added).[5] From the above-quoted passage it is apparent that the court has identified a two-step test for removal of a case under 28 U.S.C. § 1441[6] when jurisdiction is based upon diversity (1) the parties must be completely diverse, and (2) the named and served defendants cannot be residents of the state in which the suit is brought. Further, Wensil explicitly states that "[s]ection 1441(b) is not being used to expand diversity jurisdiction." Wensil, 792 F.Supp. at 448. It is the two-step process identified in Wensil which the court in Mask fails to recognize. In fact, the reasoning of the Mask opinion has been criticized on this very point by its sister court in the Southern District of Alabama in Beritiech v. Metropolitan Life Ins. Co., 881 F.Supp. 557 (S.D.Ala.1995). In Beritiech, the court found that the Northern District of Alabama's interpretation of § 1441(b) in Mask to be wrong, stating:
Only when the district court has original jurisdiction will the provisions of Section 1441(b) become operative. In other words, the provision in Section 1441(b) does not qualify the requirement of Section 1441(a) that there must be complete diversity between the named opposing parties; it merely adds the requirement in removal cases based on diversity that the joined and served defendants cannot include one from the state in which the action is brought. Section 1441(b) therefore did not change the removal requirement set forth in Pullman that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants regardless of service.
Beritiech, 881 F.Supp. at 560 (citations omitted).
Defendants next cite Republic Western Ins. v. International Ins., 765 F.Supp. 628 (N.D.Cal.1991), in support of their argument. However, the district court in this case specifically distinguished Pullman and its progeny on the fact that in Pullman the presence of the unserved defendant would destroy diversity, whereas in Republic Western complete *275 diversity between the parties existed even considering the citizenship of the unserved defendant. Republic Western, 765 F.Supp. at 629. This same distinction makes Republic Western inapposite to the case at bar.
Defendants also cite Windac Corp. v. Clarke, 530 F.Supp. 812 (D.Neb.1982), in support of their argument. Again, this case rests its holding on the second step in the previously set-out process  the named and served defendants cannot be residents of the state in which the suit is brought. Id. at 812-813. The court only addressed this point because complete diversity existed between the parties, served or unserved, unlike in the case at bar. Therefore, this case also does not support the Defendants' argument that unserved defendants should be disregarded in determining whether there is complete diversity.
Further, the Defendants cite Duff v. Aetna Casualty and Sur. Co., 287 F.Supp. 138 (N.D.Okl.1968) in support of their argument. However, in Duff, the court found that under Oklahoma law an action is commenced only upon issuance of a summons. Duff, 287 F.Supp. at 139. Thus, because the unserved defendant had not yet had summons issued for him, the action was commenced only as to a defendant whose residence was diverse from that of the plaintiff. Id. For that reason, the residence of the unserved defendant was not considered in determining whether complete diversity existed. Id. Therefore, this case also does not support the Defendants' argument that unserved defendants should be disregarded in determining whether there is complete diversity in this case.
Finally, Defendants cite Fidelity & Casualty Co. of New York v. Safeway Steel Scaffolds Co., 191 F.Supp. 220 (N.D.Ala.1961), in support of their argument, stating parenthetically that the "failure to serve [the] defendant constituted severance by [the] plaintiff."[7] However, what Defendant fails to include in its description of this case is the key to distinguishing it from the case at bar  parties not served were considered to have been severed only when the plaintiff announced that it was ready for trial. Fidelity & Casualty Co., 191 F.Supp. at 222. Such a situation is clearly different from the present case in that this court is not presented with a situation in which the plaintiff has announced ready for trial without serving the parties in question. Therefore, this case also does not support the Defendants' argument that unserved defendants should be disregarded in determining whether there is complete diversity in this case.
As can be seen, only one of Defendants' cited cases, which relied upon questionable readings of precedent, supports the Defendants' argument. On the other hand, this court has found numerous cases which support the proposition that although the citizenship of unserved defendants should not be considered under 28 U.S.C. § 1441(b), the citizenship of those unserved defendants must be considered under 28 U.S.C. § 1441(a) in determining whether complete diversity exists, providing the federal court with the jurisdictional basis for removal. See, e.g., Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir.1981) ("[T]he mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal."); Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir.1969) ("[T]he existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); Zaini v. Shell Oil Co., 853 F.Supp. 960, 963-64 (S.D.Tex.1994); Zoila-Ortego v. B J-Titan Servs. Co., 751 F.Supp. 633, 637 & n. 4 (E.D.La.1990); Aydell v. Sterns, 677 F.Supp. 877, 879 (M.D.La.1988); Doe v. Cutter Biological, 774 F.Supp. 1001, 1003 (E.D.La.1991); Schwegmann Bros. Giant Super Markets, Inc. v. Pharmacy Reports, Inc., 486 F.Supp. 606, 614 (E.D.La.1980); Filho v. Pozos Intern. Drilling Servs., Inc., 662 F.Supp. 94, 96 n. 2 (S.D.Tex.1987); Kelly v. Drake Beam Morin, Inc., 695 F.Supp. 354, 356-57 (E.D.Mich.1988); Workman v. National Supaflu Systems, Inc., 676 F.Supp. 690, 692 (D.S.C.1987); Worthy v. Schering Corp., 607 F.Supp. 653, 655 (E.D.N.Y.1985); Chappell v. SCA Servs., Inc., 540 F.Supp. *276 1087, 1090 (C.D.Ill.1982). Although the Fifth Circuit has not addressed this issue, other circuits have, as have other district courts within the Fifth Circuit, along with many other district courts. The persuasive value of this great volume of cases is great, and the above list is just a sample of the cases which support the court's holding. The rule which can be gleaned from the above-cited cases is best summed up by District Judge Hittner of the Southern District of Texas in his opinion in Filho: "[The] language in section 1441(b) should properly be read as predicated on the initial compliance with 28 U.S.C. § 1441(a), i.e. the suit must be originally cognizable in federal court. To construe it otherwise `would court needless jurisdictional problems.'" Filho, 662 F.Supp. at 96 n. 2 (citing 1A MOORE'S FEDERAL PRACTICE ¶ 0.168 at 552-54 (2d ed. 1983)).
Therefore, this court will apply the two-step approach to determining whether removal is proper in this case. First, looking at the complaint, it is clear that diversity of citizenship does not exist between all parties named in the complaint as defendants and all plaintiffs. The Plaintiffs are all alleged to be resident citizens of Alabama,[8] and defendant Walker is alleged to be an Alabama corporation,[9] thus making it a citizen of Alabama for diversity of citizenship purposes.[10] As a result, complete diversity does not exist, and this case is not one in which federal courts would have original jurisdiction. Because the requirement of 28 U.S.C. § 1441(a)  that a federal district court have original jurisdiction over the action  is not met, the action was not properly removed to this court.
Nevertheless, this court cannot remand this case if it finds that all nondiverse parties were "fraudulently joined" so as to defeat removal jurisdiction. Dodson v. Spiliada Maritime Corp., 951 F.2d 40 (5th Cir. 1992). Here, the Defendants argue that the Plaintiffs have "no real intention" of seeking relief from Walker, citing a Fifth Circuit case which discussed fraudulent joinder.[11] Therefore, although the Defendants are less than explicit, they are apparently alleging that Walker was fraudulently joined.
"The removing party bears the burden of demonstrating fraudulent joinder." Carriere v. Sears, Roebuck, & Co., 893 F.2d 98, 100 (5th Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). Further, fraudulent joinder must be established by clear and convincing evidence. Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir.1962), cert. denied, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). The plaintiffs' motive in joining the defendant is immaterial, provided that the plaintiffs assert a good faith, cognizable claim against the non-diverse defendant. Dudley v. Community Pub. Serv. Co., 108 F.2d 119, 123 (5th Cir. 1939) (citing Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931)); Dollar v. General Motors Corp., 814 F.Supp. 538, 541 (E.D.Tex.1993). The standard for determining whether a particular joinder is fraudulent is well-established:
After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned.
Carriere, 893 F.2d at 100. Further, the lack of precise precedent under which the nondiverse defendant could be held liable does not render joinder fraudulent. Dudley, 108 F.2d at 123. If Plaintiffs have any possibility of recovery against Walker, then joinder of Walker is not fraudulent and this court lacks jurisdiction. Here, because the Defendants fail to provide any summary-judgment-type evidence  such as affidavits or deposition transcripts  this court may look solely to the complaint to determine whether any cause of action is stated under Alabama law.
To prove negligence under Alabama law, a plaintiff must establish four elements: *277 (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury. Crowne Investments, Inc. v. Bryant, 638 So.2d 873, 878 (Ala.1994) (citing Albert v. Hsu, 602 So.2d 895, 897 (Ala.1992)). In the present case, Plaintiffs' Complaint alleges that the defendants, including Walker Drug, "design, test, manufacture, sell and/or distribute the Norplant contraceptive and/or its components in Alabama and in this judicial district."[12] Further, the complaint alleges that the defendants "had a duty to exercise reasonable care in the design, testing, manufacture, sale, marketing, and/or distribution of Norplant...."[13] Next, the complaint alleges that the defendants "[f]ailed to use due care so as to avoid the aforementioned risks to individuals when Norplant was being used for birth control...."[14] The complaint goes on to allege that the defendants "knew or should have known that consumers such as Plaintiffs would foreseeably suffer injury, harm, and damage as a result of Defendants' failure to exercise ordinary care...."[15] Finally, the complaint alleges that "[a]s a direct and proximate result of Defendants' negligence, Plaintiffs have suffered and will continue to suffer severe harm...."[16] Based upon these allegations, this court finds that the Plaintiffs have stated a cause of action for negligence against Defendants under Alabama law.[17] Therefore, Walker was not fraudulently joined in this matter.

CONCLUSION
Having found that complete diversity of citizenship does not exist in this case and that Defendant Walker Drug Company was not fraudulently joined, Plaintiffs' Motion to Remand is hereby GRANTED. As this action was improperly removed to federal court, it is ordered REMANDED pursuant to 28 U.S.C. § 1447(c) to the state district court from which it was removed, the Circuit Court for Greene County, Alabama.
NOTES
[1] In their notice of removal, defendants state that they received a copy of the summons and complaint on November 21, 1994. Defs.' Notice of Removal ¶ 3. Therefore, the notice of removal was timely filed under 28 U.S.C. § 1446(b) because it was filed within thirty days of the receipt by the defendants of a copy of the initial pleadings.
[2] Pls.' Compl. ¶¶ 9, 10.
[3] These four counts contained claims for: products liability; negligence; breach of warranty; misrepresentation; fraud; fraudulent suppression; and civil conspiracy.
[4] Since, under Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), both removal and remand are procedural in nature, this court must look to federal law in determining the outcome of this matter. Which federal law then becomes the issue.
[5] Defendants also cite Wensil in support of their argument.
[6] The removal statute, in relevant part, reads as follows:

(a) [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
28 U.S.C. § 1441(a)-(b).
[7] Defs.' Opposition to Pls.' Mot. to Remand at 4.
[8] Pls.' Compl. ¶ 1.
[9] Id. ¶ 6.
[10] Although Durr is also named as a defendant and is alleged to be an Alabama resident, because of the confusion surrounding its actual status and citizenship, the court does not include the citizenship Durr in its analysis of diversity. Further, because the court finds that there is not diversity of citizenship considering only Walker, the court need not determine the actual citizenship of Durr.
[11] Defs.' Opposition to Pls.' Mo. to Remand at 6.
[12] Pls.' Compl. ¶ 9.
[13] Id. ¶ 29.
[14] Id. ¶ 30(a).
[15] Id. ¶ 32.
[16] Id. ¶ 33.
[17] In its opposition to the motion to remand, the Defendants counter the Plaintiffs' allegations by the wholly conclusory statement that "Walker Drug has no connection at all to such allegations." Defs.' Opposition to Pls.' Mot. to Remand at 6. However, this statement merely presents the court with a fact dispute, and "all disputed questions of fact ... are resolved in favor of the nonremoving party." LeJeune v. Shell Oil Co., 950 F.2d 267, 271 (5th Cir.1992). Thus, presented with no summary judgment-type evidence, for the purposes of determining whether Plaintiffs have any possibility of recovery against Walker, this court must assume that the allegations are true.